## CITIZENS' BANK OF WARRENTON v. MOORE.

## AMERICAN TRUST CO. v. ALAMANCE RY. CO.

Circuit Court of Appeals, Fourth Circuit. July 5, 1927.

No. 2618.

**1. Equity ⬡⟲409—Master's finding, though not binding on court, should not be disregarded, when in accordance with uncontradicted testimony.**

Though findings of special master were not binding on District Court, they should not have been disregarded when in accordance with testimony which is not contradicted or impeached, and master had advantage of seeing and hearing witnesses.

**2. Garnishment ⬡⟲58—One garnishing funds in custodia legis obtains no rights therein.**

One garnishing funds which were in custodia legis could obtain no rights therein as result of garnishment.

**3. Courts ⬡⟲351—Production of bank books may be compelled, and officers required to answer interrogatories (equity rules 58, 62).**

Under federal equity practice, production of books of bank may be compelled, and officers of bank may be required to answer proper interrogatories under rules 58 and 62.

Appeal from the District Court of the United States for the Western District of North Carolina, at Greensboro; Edwin Y. Webb, Judge.

Receivership proceedings against the Alamance Railway Company, wherein the Citizens' Bank of Warrenton intervened claiming part of proceeds of property sold held by American Trust Company subject to orders of court. From a judgment sustaining objections of Warner Moore, and disallowing claim, intervener appeals. Remanded.

J. H. Bridgers, of Henderson, N. C., for appellant.

O. R. Cunningham and S. S. P. Patteson, both of Richmond, Va., for appellee.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PER CURIAM. The Alamance Railway Company was placed in the hands of a receiver by the District Court for the Western District of North Carolina. Its property was sold, and a part of the proceeds thereof is held by the American Trust Company of Richmond, Va., subject to the orders of the court. The Citizens' Bank of Warrenton intervened and claimed this fund, alleging that it was the pledgee of certain bonds of the railway company, to the payment of which the

fund in controversy should be applied. One Warner Moore contested the claim of the bank, claiming the fund for himself by virtue of a garnishment levied in an action against one Paschall. The matter was referred to the standing master of the district, who heard the evidence and found in favor of the claim of the bank. Upon exceptions to his report, the District Judge reversed his findings and held that the bank had no rights in the fund.

[1] The standing master found as a fact that the bonds in question were pledged to the Bank of Warrenton to secure an indebtedness of the witness Paschall, and that some time later Paschall secured possession of the bonds from the bank for the purpose of having an easement for a water line indorsed on them. His conclusion was that the bank had not surrendered its rights in the bonds, but had merely allowed them to be taken out of its possession for a special purpose. The learned trial judge found that the bonds had never been pledged with the bank, and on the record as presented to us we think that this finding was erroneous. It seems to have been based on the idea that Paschall's testimony was not worthy of belief, and that the claim of the bank was not supported by oath of its officers in the form of affidavit or otherwise. The judge was mistaken, it seems, in assuming that the petition of the bank was not verified. The original petition was verified, but, through some mistake of the officer, the verified original, instead of a copy, was left with counsel of the opposite party. We cannot tell, of course, how much his conclusion may have been influenced by this error. As to the weight to be given to the testimony of Paschall, while we agree with the view that the findings of the master were not binding on the court, we do not think that they should have been disregarded, where they were in accordance with testimony which had not been contradicted or impeached, and where the master had had the advantage of seeing and hearing the witnesses. The judge seems to think that Paschall's statement in the presence of Clader was a contradiction; but it is manifest that a statement that he owned the bonds is not necessarily inconsistent with his testimony that they had been pledged.

[2] We do not think, however, that upon the record as presented we would be justified in rendering any decree in the case. It does not sufficiently establish the amount of the debt due the bank, nor does it set forth the facts under which the bonds were delivered back to Paschall with sufficient fullness to enable us to determine whether the bank surrendered its rights in them by that act, nor are the circumstances surrounding the delay in claiming the bonds or the fund in court derived from the sale of the railway set forth sufficiently to enable us to determine whether the bank has been guilty of such laches as would bar the assertion of its claim. Instead of deciding the case, therefore, we shall remand it to the District Court, with direction that that court hear additional testimony and make a full finding of facts, allowing the parties to so amend their pleadings as may be proper to present fully the facts upon which they rely. If Warner Moore desires to claim the fund in controversy, he should file a petition setting forth the facts upon which his claim is grounded. As the fund is in custodia legis, it would seem reasonably clear that he obtained no rights therein as a result of the garnishment upon which he seems to rely. See 23 R. C. L. 68; note 71 Am. St. Rep. 372.

We call attention to the fact that, so far as we can gather from the very incomplete record before us, the fund in controversy does not represent the proceeds of the sale of bonds, as was assumed both by the master and the District Judge, but is a part of the proceeds of the railway sold by the receiver under order of court, and before the holders of bonds should be held entitled to the fund it should appear that the bonds held by them were validly issued and held, and constituted a valid lien upon the property. We say this because Paschall testified that the bonds were issued to "take up slack" in some of his financial arrangements. We do not know what was meant by the expression used; but, if the company did not receive value for the bonds, the court should inquire as to whether any person claiming them as pledgee or otherwise is entitled to the fund in controversy which should be distributed among the general creditors of the insolvent street railway, if the bonds do not constitute a valid lien upon its assets.

[3] We call attention, also, to the fact that the procedure applicable in the case is that appropriate to federal suits in equity. The state statute providing for the use of itemized verified statements of account, upon which the bank seems to rely, has no application. Under the federal equity practice there need be no trouble about the production of the books of the bank, as such production may be compelled, and the officers of the bank may be required to answer proper interrogatories, under equity rules 58 and 62.

We suggest, further, that in the future progress of the cause the American Trust Company of Richmond, if it has not already

done so, appear and make the necessary defense, looking to the ascertainment of the rights of the parties in litigation, arising under the trust.

The cause will be remanded to the District Court for further proceedings in accordance with this opinion.

Remanded.