·error corrected later, if objections had been raised, and the failure to object amounted to a waiver·of the defect.

SANDQUIST & SNOW, INC., a Florida corporation, *Appellant*, v. P. H. KELLOGG, *Appellee*.

Opinion filed February 13, 1931.

Paul C. Taylor and Carroll W. Fussell, for Appellant; Burdine, Terry and Fleming and Charles M. Moon, for Appellee.

570

57.8

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered, and decreed by the Court that the order of the court below should be, and the same is hereby reversed.

STRUM, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND BUFORD, J.J., concur.

---

ON REHEARING.

Opinion filed July 11, 1931.

1. A failure to make a subsequent mortgagee a party defendant to a prior statutory lien foreclosure suit within twelve months from the accrual of the lien does not thereby cause a judgment lien obtained thereunder to become inferior to the mortgage lien, and its priority may be set up in a cross-bill filed in the subsequent mortgage foreclosure suit which was filed more than one year after the statutory lien accrued.

2. Unless one holding a subsequent mortgage on the premises upon which a mechanic's lien is being foreclosed is made a party his rights as a subsequent mortgagee will not be enlarged, diminished or affected or will remain the same as before suit was filed.

3. A subsequent mortgagee or incumbrancer may assert any rights as against a former mechanic's lien in a subsequent suit to foreclose his mortgage which he may have maintained or asserted in a former suit to enforce a prior statutory lien on the same property; but such subsequent mortgagee would not be permitted to assert the mere failure to make him a party to the former lien foreclosure suit gave him the right in the absence of fraud to question the *priority* of the statutory lien judgment obtained pursuant to statutory requirements.

4. "Enforcement" of a statutory lien means that the provisions of the lien enforcement statute are invoked and put in operation which may continue until final adjudication of the rights of all parties legally involved, and once the priority of the lien legally attaches and is pursued to judgment its enforcement as to a

subsequent encumbrance becomes merely a matter of asserting the former judgment.

5.  A judgment obtained upon all issues duly raised pursuant to statutory lien enforcement suit as to the property owner and all parties duly served as defendants in res judicata, but a subsequent encumbrancer who was not made a party may assert any rights he may have in a subsequent suit not legally adjudicated in the lien enforcement suit that would have been a legal defense to the validity to all or any portion of the mechanic's lien suit.

6.  No doctrine is better settled in this State than that fraud, deceit or collusion is always a ground for equitable interference when properly instituted in courts of chancery.

Appeal from Circuit Court, Dade County; Paul D. Barns, Judge.

Former opinion reversing lower court is affirmed.

*Paul C. Taylor* and *Carroll W. Fussell,* for Appellant;

*Burdine, Terry & Fleming* and *Charles M. Moon,* for Appellee.

*Stapp, Gourley, Vining & Ward,* as Amicus Curiae on the Rehearing.

ANDREWS, Commissioner:

The petition for rehearing is based upon a decision of this Court rendered in this cause February 13, 1931 (133 So. 65) to which attention is directed for a substantial statement of the issues presented for review.

The transcript of the record shows that to appellee's bill to foreclose his subsequent mortgage, the appellant, a judgment lienor, filed its cross-bill in which it is prayed that the said mortgage be *decreed* to be inferior and subject to the lien of appellant, also that appellee be decreed to pay to appellant its said lien in the amount as decreed in the former lien foreclosure suit and that in default of such payment the Court decree that said defendants be forever barred and foreclosure of all right or equity of redemption in said premises, etc.

In appellant's lien foreclosure suit, Kellogg, who held a subsequent mortgage, was not made a party defendant; and the cross-bill was filed by appellant for the purpose of having the priority of its lien maintained in the subsequent mortgage foreclosure suit, also to accord appellee right to redeem, or be foreclosed of appellant's equity of redemption.

The demurrer filed by appellee to the cross-bill in substance raised one issue; viz, as to whether the failure of Sandquist & Snow, Inc. (appellant here) to make Kellogg, a subsequent mortgagee a party to the lien enforcement suit within the time required by statute thereby caused said lien to become inferior to that of appellees. In deciding the point presented, we held that

> "Where a suit to enforce a mechanic's lien is brought within the statutory period and the lien is enforced against the property, the failure to make a subordinate mortgagee a party defendant to such suit does not preclude the lien claimant from having the priority of the lien over the mortgage determined in a subsequent suit to foreclose the mortgage, though the latter suit is filed more than twelve months after notice of lien was filed."

It is noted that the petition of appellee for rehearing asserts that the real "case" before the court was the enforcement of a lien against one whom it had not already been "enforced"; viz, Kellogg, the holder of the subsequent mortgage.

Or, expressed in another way, it is contended by appellee on rehearing that the 12 months limitation on the right of the mechanic lienor to enforce its lien has reference not only to the owner but a subsequent mortgagee who was not made a party to the lien foreclosure suit and against whom no "enforcement" was sought within twelve months.

The petition for rehearing was granted only for the purpose of resubmitting the following question: Does the failure of a mechanic leinor to join a subsequent mortgagee with the owner as defendant in a suit, brought to enforce the mechanic's lien, have such legal effect as would prevent such mortgagee, in a subsequent suit to determine priorities of liens, asserting any defenses he might have interposed had he been joined as a party defendant in the suit to foreclose such mechanic's lien in the first instance?

The above point may have been involved in the demurrer to the cross-bill by implication, therefore the rehearing was granted in order to interpret or clarify the term "enforcement" as applicable to the issues in the instant suit.

The better rule seems to be that unless one holding a subsequent mortgage upon the premises upon which a mechanic's lien is being foreclosed is made a party to the lien foreclosure suit his rights *as such mortgagee* will not be enlarged, diminished, or affected by the decree; his right remains the same as before the suit. 40 C. J. 404, Sec. 554; Quinn Plumbing Co. v. New Miami Shores Corp., .. Fla. .., 129 So. 690.

While appellee's status as a subsequent incumbrancer may remain the same as it was before the entry of the lien foreclosure decree he may assert any rights or defenses in the subsequent suit which he may have legally asserted had he been made a defendant in the lien foreclosure suit. However, he would not be permitted to assert that the failure of the mechanic's lienor to make him a party defendant in the former lien foreclosure suit gave him the right to question the *priority* of the lien judgment held by lienor, in the absence of fraud. See Birmingham Bldg. & Loan Ass'n v. May & Thomas Hdw. Co., 99 Ala. 276, 13 So. 612; Jackson v. Farley, 212 Ala. 594, 103 So. 882.

The demurrer of appellee to the cross-bill as a matter of law admits the existence of the mechanic's lien and "its priority;" but claims that the statute of limitations bars its (mechanic's lien) "enforcement" against all in whose favor the statute has run which would include appellee.

The "enforcement" of a lien means merely that the provisions of our lien laws are invoked and put in operation, and the process of enforcement may continue, even in subsequent suits, until final adjudication of the rights of all parties legally involved. The *priority* of the lien being once adjudicated its enforcement as to subsequent incumbrances becomes merely a matter of effectively maintaining the former judgment. 40 C. J. 305, Sec. 398.

In the case of Booker and Co. v. Watson, 96 Fla. 671, 123 So. 837, it was held that the fact that a subsequent mortgagee was not until after the expiration of 12 months made a party to the suit which was brought within the statutory period to enforce the mechanic's lien, is immaterial; for, the validity of the lien having been established, the only question remaining as between the owner mortgagee and him who claims a lien is the question of priorities; and we have held that such priorities may be established in a subsequent suit. 133 So. 65; 40 C. J. 305.

> "Where a mechanic's lien is prior to a mortgage, the lien is not affected by a foreclosure and sale under the mortgage." 2 Jones on Liens (3d Ed.) Sec. 1582.
> "A subsequent mortgagee or other incumbrancer should be made a party defendant; otherwise the sale will not affect his rights, but he will still have the right to redeem." 2 Jones on Liens (3d Ed.) Sec. 1579.

In our former opinion (133 So. 65) we approved the principle that a *subsequent* mortgagee is not in the absence of statute a necessary party, although he may be joined, and if not joined his rights, whatever they may be,

are not affected; that under a statute requiring all parties claiming of record any right, title, interest, or equity in the property, to be made parties, a subsequent mortgagee is a necessary party where his rights are in any manner to be affected.

We have no state statute requiring subsequent incumbrancers to be made parties to a prior lien foreclosure suit.

Our conclusion is that the judgment as to the property owner and all parties who were made defendants and duly served with process in the lien foreclosure suit is res judicata; but as to appellee who was not made a party, he may assert any rights not adjudicated by the lien foreclosure *as to him,* that may have constituted a legitimate defense to the validity of all or any portion of the mechanic's lien.

Appellee argued at the rehearing that the opinion heretofore rendered in this cause (133 So. 65) would open the door to fraud and collusion between a lienor and the owner of the property.

There is no doctrine better settled in this state than that fraud, deceit or collusion are always a ground for equitable interference and should any subsequent incumbrancer decide to assert and prove the existence of any collusion or fraud between the lienor and the owner, the decision in this case would furnish no authority to preclude a subsequent mortgagee invoking the aid of our courts of chancery.

As the record stands the order of the trial court sustaining appellants demurrer to the cross-bill which sets up appellant's superior lien has been held erroneous by this Court. On this rehearing we find no reason to change our former decision on the issues resubmitted.

The former opinion is affirmed.

PER CURIAM.—A petition for rehearing having been filed in this cause and duly considered, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the former decision of the Court in this cause, reversing the order of the court below, should be and the same is hereby affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.

F. H. BODEKER, *Appellant*, vs. R. S. McCORMICK, *Appellee*.
Division B.
Decision filed May 11, 1931.
Petition for rehearing denied July 13, 1931.

*Cooley & Wilkerson*, for Appellant;
*Buie & Hippler*, for Appellee.

PER CURIAM:—This cause having heretofore been submitted to the Court upon the transcript of the record of the orders herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said orders; it is, therefore, considered, ordered and decreed by the Court that the said orders of the Circuit Court be, and the same are hereby affirmed.

BUFORD, C.J., AND WHITFIELD, AND DAVIS, J.J., concur.

STATE OF FLORIDA, ex rel. JOHN J. SKILLMAN, *Plaintiff in Error*, v. CITY OF MIAMI, a municipal corporation, and GUY C. REEVE, Chief of Police of the City of Miami, Florida, *Defendant in Error*.