A. W. KURZ, *Appellant,* vs. D. PAPPAS, also known as Cemetreous Pappas, and ANNA PAPPAS, also known as A. Pappas, his wife, et al., *Appellees.*

146 So. 100.

147 So. 271.

Division B.

Opinion filed November 28, 1932.

On rehearing opinion filed February 23, 1933.

Order entered April 7, 1933.

*J. O. Phillips* for Appellant;

*T. D. Ellis, Jr.,* and *John W. Whelan,* for Appellees.

DAVIS, J.—This was a suit to foreclose a mortgage against a large number of defendants. All of them either appeared, answered, or allowed decrees pro confesso to be entered against them. The complainant, A. W. Kurz, in the court below, was the assignee under a mortgage made by the defendants, D. Pappas, and Anna Pappas, his wife, to D. J. Diamond, dated Feb. 16, 1926. George W. Patch-

en, one of the appellees, was the record owner of the fee simple title of the property sought to be foreclosed upon. The sole controversy on this appeal is between the assignee of the mortgage, A. W. Kurz, and one George W. Patchen, who was successor in title to the property under the title conveyed by the foreclosure of a mechanic's lien against the property concerned.

From the final decree holding that appellant, Kurz's mortgage lien was inferior to Patchen's fee simple title, and that therefore Kurz could not foreclose his mortgage as against the interest of Patchen, this appeal was taken.

The record shows that in the first instance one Edgar L. Nash claimed a mechanic's lien on the property involved in this suit. Nash's claim to such lien was by virtue of having furnished materials and labor for the plumbing on the property from February, 1926, to August, 1926. The work was not paid for by the property owner who had caused it to be done. By reason of non-payment for the work Nash foreclosed his mechanic's lien on the property after the work was completed, and within the twelve months' statutory limitation allowed for beginning foreclosures of mechanic's liens.

The suit to foreclose the alleged mechanic's lien of Nash was instituted against Pappas, the then title holder, and his wife. In that suit the bill was filed, and the final decree was rendered, solely against Pappas as the then owner of the property. No other lien holders, although there appeared to be some in existence who had claims of record, were joined or attempted to be joined as parties defendant in the suit brought for foreclosure of the mechanic's lien. Nash, the complainant in the mechanic's lien case, secured a decree of foreclosure, and bid the property in at the sale. The title of Patchen to the property here concerned was based upon the transfer of the original owner's interest through the master's deed of

same to Nash, who conveyed to one Dixon, who later conveyed to Patchen.

The principal contention of the appellant, Kurz, is that a mechanic's lien under the statute expires, or becomes extinguished as against a subsequent mortgagee, whose claim was of record when the lien foreclosure suit was instituted, provided the suit to foreclose the mechanic's lien was completed without making such subsequent mortgagee, or his assignee, a party defendant, and without the mechanic's lien claimant having asserted or attempted to assert his lien as against the subsequent mortgagee, within the one year limitation period provided by statute within which suits to foreclose mechanic's liens must be instituted against the owner.

But the law in this state is now settled to the contrary. And for us to uphold the contentions of appellant on this proposition we must of necessity overrule our previous recently decided case of Sandquist & Snow, Inc. v. Kellogg, 101 Fla. 568, 133 Sou. Rep. 65, 101 Fla. 579, 136 Sou. Rep. 235. This we are not disposed to do, since the decision in that case was deliberately arrived at by this Court in the light of all of the arguments now pressed upon us, and was later adhered to and reaffirmed by us on rehearing.

The holding in Sandquist & Snow, Inc. v. Kellogg, *supra*, is to the effect that the holder of a mechanic's lien may, within the statutory period of twelve months from the date of the accrual of his lien, or of the filing and recording of the notice thereof, institute suit to enforce his lien, and that the only necessary party defendant to enable the lien holder to initially enforce it, is the owner of the fee of the property forclosed against.

Or to express the idea in other words, it was held there, that in foreclosing a mechanic's lien against property, that it is not necessary for the mechanic's lien holder to join as defendants all parties having claims of record

against the same property, in order that the priorities between the mechanic's lien holder and such outstanding claimants of record might be brought in issue within the twelve months' limitation, and adjudicated in the mechanic's lien suit.

Or to put it still another way, the holding of the case just cited is that where a suit to enforce a mechanic's lien is brought against the owner of the property within the statutory period, the failure to proceed against a subordinate lien holder of record by making him a party defendant to such suit within the statutory limitation of time for enforcing the lien, does not preclude the lien claimant from having the priority of the mechanic's lien over the mortgage determined in a subsequent suit brought to foreclose the mortgage, though the latter suit is filed more than twelve months after notice of lien was filed.

Mechanic's lien laws were enacted by the Legislature in obedience to the constitutional mandate contained in Section 22 of Article XVI of the State Constitution.* It was no doubt intended that the enforcement of the lien provided for in the statutes should be primarily in favor of mechanics "on the subject matter of their labor," and that such enforcement by foreclosure in equity should be both expeditious and direct in form, to accomplish its purpose.

The Legislature in enacting our mechanic's lien law was undoubtedly aware that to require second lien holders, in addition to the owner of the property or "subject matter" of the lien, to be made necessary parties defendant to the statutory mechanic's lien foreclosure suit, would not only add to the initial cost of the proceeding, but would greatly add to the delay in making the enforcement of the

---

*This constitutional provision reads as follows: "The Legislature shall provide for giving to mechanics and laborers an adequate lien on the subject matter of their labor."

lien effective for realization by the very one whom it was intended specially to benefit. Therefore procedural requirements tending to delay were omitted from the statute, and none that were omitted can be implied by the courts to supply what the Legislature failed to express.

It was probably the opinion of the Legislature, in authorizing foreclosure proceedings in the first instance, to be maintained against the owner alone, that the owner, in many cases would promptly upon the filing of the suit against him, discharge the lien by paying the amount due against his property, and thereby enable the mechanic to immediately obtain the fruits of his labor, without having to await adjudication of possibly unnecessary controversies with other mere lien holders, whose claims would not be affected should the owner pay off the mechanic's claim in order to avoid forced collection with additional court costs.

We therefore conclude that our previous holdings on this subject heretofore deliberately arrived at, and expressed, in the case of Sandquist & Snow, Inc. v. Kellogg, 101 Fla. 568, 133 Sou. Rep. 65, 101 Fla. 579, 136 Sou. Rep. 235, are sound in principle, and that the rule there declared should be followed in this case. The effect of the rule we now reaffirm is to permit at the option of the mechanic's lien holder, the priorities to be adjudicated either in the mechanic's lien foreclosure suit instituted by him, or in a subsequent suit in which such subordinate lien holders are made parties, in cases where they were not made parties in the mechanic's lien foreclosure suit.

Under the foregoing authority the rights of appellant were neither enlarged nor diminished by reason of his having been omitted as a party defendant to the mechanic's lien foreclosure suit. And while appellant had the right in the instant case to assert and litigate any claim of priority of his assigned mortgage over the mechanic's lien

in question, he had no greater rights in that respect in the instant case than he would have had in the mechanic's lien foreclosure case, if he had been made a party defendant therein.

The Chancellor found in the present case that the mechanic's lien holder, Nash, was a prior encumbrancer by virtue of his mechanic's lien. He also held that Kurz, as assignee of the Diamond mortgage, was a subsequent encumbrancer, because that mortgage was taken by the mortgagee after the work for which the mechanic's lien was claimed, had already been begun and was in progress.

The statute (Section 5380 C. G. L., 3517 R. G. S.) provides that a lien for labor and materials furnished can be acquired as against a purchaser or creditor with notice, and that notice of such lien is constructively given to any and all creditors and encumbrancers whose title, interest or lien in and to the property is created or arises while the work being done is in progress, by the actual going on or progress of the work. Booker & Co., Inc. vs. Watson, 96 Fla. 671, 119 Sou. Rep. 104, 123 Sou. Rep. 837, 840; Sandquist & Snow, Inc. vs. Kellogg, *supra;* People's Bank vs. Virginia Bridge & Iron Co., 94 Fla. 474, 113 Sou. Rep. 680.

In the case at bar the Chancellor held that the mechanic's lien of Nash was superior to the mortgage lien of Kurz in that it accrued by reason of the performance of work and the furnishing of material on the property prior to the recording of the mortgage. D. J. Diamond, the mortgagee, testified that he made the original loan which the mortgage was given to secure, on February 16, 1926. The mortgage was recorded February 20, 1926. The plumbing permit of Nash to do the work for which he claimed his lien was sought from the City of Hollywood on February 15, 1926. There was substantial testimony to the effect that the construction of the Olympia building

on the lots in question was begun the latter part of January, 1926, and that Nash, the mechanic, began his work installing the plumbing on February 14, 1926. There is also proof that he continued to supply materials and labor to the building until its completion sometime in August of the same year.

The record shows that Edgar L. Nash foreclosed his mechanic's lien in the Circuit Court of Broward County within one year from the date of the filing of the notice of lien and within one year from the date of his furnishing of the last material to the building in question.

To sustain his claim to a decree of foreclosure against Patchen, the subsequent grantee of the purchaser at the sale of the property under the mechanic's lien foreclosure, Kurz, the mortgagee, as complainant in the court below, relied principally upon the contention that he was in nowise bound by the decree in the mechanic's lien foreclosure suit, since more than a year had elapsed subsequent to the recording of the notice of mechanic's lien by Edgar L. Nash.

From the foregoing circumstances appellant urged in the court below, and now insists here, that as against him as a subsequent mortgagee, Nash's lien became totally lost because the mechanic's lien was only enforceable against him as mortgagee under the same conditions that it was originally enforceable against the owner of the fee, that is to say, by suit or proceeding taken to assert it within the twelve months' period against the subsequent mortgagee.

Both the master and the Chancellor in the court below held otherwise. And the authorities we have heretofore cited support their holding on this point. Such rule of law must therefore be held applicable to the facts in evidence. And the evidence is ample to sustain under that rule the Chancellor's findings to the effect that no priority

in favor of Kurz as against Patchen had been established in this case.

We are not unmindful of the possibility, if not likelihood, suggested at the argument, that in particular cases the rule we have established will open the way for a mechanic's lien holder to conspire with the owner to commit fraud, by suing the owner of the fee alone, and proving up his alleged lien for a much greater amount than is actually due or enforceable against the property.

But as we have specifically pointed out in our opinion on rehearing in the Sandquist & Snow case (136 Sou. Rep. text 237), a subsequent mortgagee, not made a party to the mechanic's lien foreclosure suit, is not so concluded by the effect of the decree in such mechanic's lien foreclosure suit, that he may not thereafter raise *any legitimate defense* to the alleged validity of all, or any portion, of the mechanic's lien which has been ordered foreclosed in a suit against the owner, as to which the subsequent encumbrancer was omitted as a party.

But mere failure to proceed against a subseqneut encumbrancer as such within the statutory twelve months' period that is applicable only to proceedings for foreclosure against the owner of the fee, is not a legitimate defense available to the subsequent encumbrancer, or to any one except the owner, even in a mechanic's foreclosure suit in which such subsequent encumbrancer is made a party. See Booker & Co., Inc. v. Watson, *supra*.

The final decree rendered in a mechanic's lien foreclosure suit duly prosecuted against the owner of the fee, without joinder of other lien holders of record, is at least *prima facie* good as a determination of all facts to be implied as true from the fact of rendition of a final decree in a suit of that kind.

But such a decree is of course not *res adjudicata* as to amount or otherwise as against subsequent encumbrancers,

or as to others having an interest, where they were not made parties to the suit in which such decree was entered.

The final conclusion to be drawn is, then, that a subsequent encumbrancer who desires to assert that his own encumbrance should be given priority over an adjudicated mechanic's lien, which by reason of its adjudication against the owner, appears *prima facie* of a certain amount and to be of superior dignity, must allege and prove facts tending to support such a contention, otherwise he cannot have his lien prevail over the one previously adjudicated to be at least *prima facie* superior in dignity for the amount decreed to be due by the owner.

If the burden imposed by this rule is so contrary to sound public policy that it should not be continued, the remedy for changing it is with the Legislature. That body can amend the present statutes so as to require all lien holders of record to be made parties defendant in mechanic's lien foreclosure suits,—a requirement not evident in the statutes as they are found to exist today.

The pleadings and evidence in the present case are amply sufficient to support the Chancellor's refusal to foreclose the Kurz mortgage as against the title held by Patchen. The final decree considered in that aspect, must therefore be affirmed.

Other questions of practice have been argued, but the conclusion reached by us on the principal issue renders a particular discussion of the subordinate propositions unnecessary. We have found no cause to hold that the Chanclelor committed reversible error with respect to any of the interlocutory rulings complained of.

The bill of complaint was dismissed by the Chancellor "without prejudice to the right of redemption of complainant, or to the right of redemption of any of the defendants herein." While no request for permission to redeem in the present case or for permission to file a sep-

arate redemption suit, appears to have been made by appellant, the right to redeem was preserved. Such a limited decree of dismissal as against Patchen was assuredly not erroneous.

The previous sale under the mechanic's lien foreclosure vested the estate in the purchaser, subject to redemption by any person interested in it, who was not made a party to such mechanic's lien foreclosure proceeding. The only remedy left available to Kurz, as a subordinate mortgagee, was to redeem from the effect of the previous foreclosure of mechanic's lien had in the suit to which he was not made a party and whose right of redemption was accordingly not barred in that suit. The decree appealed from saves appellant's right to redeem, and, as we have just pointed out, was in accordance with law, and should be affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., concurs in the opinion and judgment.

Filed under Rule 21 A.

### ON REHEARING.
Opinion filed February 23, 1933.

PER CURIAM.—This case is before us on rehearing. On November 28, 1932, we affirmed the final decree appealed from. That decree simply dismissed the bill without prejudice to appellant's right of redemption, if any. It had already determined that appellees had a superior equitable right in the property involved as against appellant's mortgage, which by that decree, was held to have been an inferior lien as against a prior mechanic's lien.

Our conclusion on rehearing is that our previous opinion should be adhered to, but that the final decree appealed from should only be affirmed in part, and not unconditionally affirmed as first decided by us.

Insofar as the final decree appealed from held that appellant's mortgage lien was inferior to Patchen's fee

simple deed, derived by him under a deed acquired from the purchaser at a mechanic's lien foreclosure sale of the mortgaged property, it was proper and should be affirmed. But in all other respects the final decree should be set aside, and the cause remanded to the court below with directions to reopen the proceedings, allow an amendment of the pleadings, and take such other and further testimony as may be necessary to enable the Court to finally dispose of all the equities involved, without the necessity of a new suit.

On appeals in chancery cases, where upon the record presented, a just and equitable decree cannot be rendered by an appellate court upon the real controversy and the essential equities necessarily involved in making a final decision, the practice seems to have become well established to remand the cause to the court of original jurisdiction, with a direction that such court reopen the cause, hear further testimony, if necessary, and make a full determination of all the equities, after allowing the parties to so amend their pleadings, as may be proper to present fully the facts and contentions upon which they rely and obtain the relief which they seek. See Citizens Bank of Warrenton v. Moore, 20 Fed. (2nd) 791; Tallahassee Variety Works vs. Brown, 106 Fla. 599, 144 Sou. Rep. 848. See also Cowdery vs. Herring, 106 Fla. 567, 144 Sou. Rep. 348 (on rehearing).

In this case, Patchen, as the successor in title to the property under foreclosure of a mechanic's lien, occupies the status of a first lienor, who has foreclosed his lien, and acquired the legal title under foreclosure, without having made a junior mortgagee lienor a party to the mechanic's lien foreclosure suit. Kurz, as assignee of the junior mortgage lien, occupies the status of an inferior lienor, who has brought suit against the holder of the legal title to the mortgaged property, but against one who also happens to

be the holder of that legal title by virtue of the foreclosure of a first lien on the property in a suit prosecuted to final decree and sale, without making the junior lienholder of record at the time of the prior suit, a party to the first lien foreclosure proceedings.

A superior lien holder, who has foreclosed and acquired the legal title to the incumbered property, without making an inferior lienholder of record a party to his suit, is simply entitled to bring a new suit against the inferior lienholder, to compel redemption by him within a short time of the superior claim, or be barred. See Quinn Plumbing Co., v. New Miami Shores Corp., 100 Fla. 413, 129 Sou. Rep. 690.

On the other hand a mortgagee has the right to foreclose his mortgage against the mere holder of the legal title to the property, whether the property is subject to a superior lien to another or not. The only way his right in this respect can be cut off is for the superior lienholder to first foreclose the superior lien and join, as a party to the superior lien foreclosure suit, the inferior lienholder, so as to bar his right to redemption of the property from the superior lien.

The fact that in this case the inferior lienholder, or mortgagee who was not made a party to the superior lien foreclosure suit, has now brought a suit of his own against the holder of the legal title, who perchance also happens to be, as to complainant, a superior lienor, does not alter the rights of the mortgagee and his assignee, against the mortgagor and his successors in the legal title. Here all the parties having an interest are now before the Court, and their respective rights can be adjusted in the present suit on proper pleadings, and be given effect by a single decree in the pending case. See Brogan v. Ferguson, 101 Fla. 1311, 133 Sou. Rep. 317, 2nd head-note.

A proper course of procedure in cases like this would be

for the court to ascertain and fix, first, the character and extent of the liens involved. This has already been done in this case by that part of the decree which has already been affirmed and which is now reaffirmed. Thereupon the court should require the inferior lienholder to redeem from the superior lien by a short day to be named, or stand barred and the title confirmed in the superior lienholder, in accordance with the principles applied in Quinn Plumbing Co. vs. New Miami Shores Corp., 100 Fla. 413, 129 Sou. Rep. 690.*

Contingent upon the redemption having been made from the superior lien, the Court should require the holder of the legal title, *as such*, to redeem from the inferior lien, in default of which, the usual decree of foreclosure should be ordered to enforce the inferior lien as against the holder of the legal title and those claiming under him, *quoad hoc*, and incident to this latter decree, the property should be ordered sold to satisfy the inferior lien foreclosure decree if not redeemed in due course by those who are bound in law to redeem from such a decree.

The decree appealed from is affirmed in the particulars hereinbefore mentioned, but is otherwise set aside and the cause remanded to the Court below with directions to reopen the pleadings, take further testimony if necessary, and enter such further decree herein as will be according to equity and not inconsistent with the original opinion in

*Wilson & Herr vs. Hayward, 6 Fla. 171, holding that in case of sale by a prior incumbrancer, the subsequent incumbrancer can only complain by showing fraud in the sale, or that the property was more than sufficient to pay both debts, and that something remains for his benefit has no application to foreclosure in equity as now provided by law. The foreclosure in that case was a foreclosure, instituted by petition on the law side of the Court under a special act authorizing the foreclosure of mortgages in the courts of common law. The case there dealt with is analogous to the levy and sale of property under a prior judgment which would leave a subsequent judgment creditor with no ground of complaint except to show fraud in the sale under the prior judgment, or that the property was more than sufficient to pay both debts, or that something remained for the second judgment creditor.

this cause, as supplemented and modified by this opinion on rehearing.

Modified decree of affirmance entered on rehearing.

DAVIS, C.J. AND WHITFIELD, TERRELL AND BUFORD, J.J., concur.

---

ON MOTION TO TAX COSTS OF APPEAL.
Order entered April 7, 1933.

PER CURIAM.—Upon motion to retax the costs of the appeal in this case, and it appearing that due notice of said motion has been served upon counsel for the opposite party, and it appearing from the record of our judgment herein that the final decree appealed from in this case was affirmed as to all matters presented to the Circuit Court for decision, but was set aside for further proceedings with reference to other equities appearing to be involved, and not theretofore decided, it is thereupon considered by this Court that the costs of the appeal should be retaxed herein upon the authority of Masser v. London Operating Co. (Fla.), 145 Sou. Rep. 72, and that it should now be ordered that the costs of the appeal heretofore decided by this Court on the 23rd day of February, A. D. 1933, should be, and they are hereby taxed against the appellant in this cause, all of which is ordered to be duly certified by the Clerk of this Court to the Court below, there to be included in the mandate of this Court heretofore issued.

So ordered.

. DAVIS, C.J. AND WHITFIELD, TERRELL, BROWN AND BUFORD, J.J., concur.