A. W. Kurz v. D. Pappas, et al.

156 So. 737
Opinion Filed June 25, 1934.
Petition for Rehearing Denied Sept. 13, 1934.

*J. O. Phillips,* for Appellant;

*T. D. Ellis, Jr.,* and *John W. Wheland,* for Appellees.

HUTCHINSON, *Circuit Judge.*—This is a second appeal arising from a suit instituted by appellant against appellees to foreclose a mortgage on real property in Broward County. The case was before this Court in Kurz v. Pappas, *et al.,* reported in 107 Fla., 861, 146 So., 100. The sole contention in the cause before us now is between the holder of a mortgage, complainant in the court below, hereinafter called appellant, and the defendants in the lower court, hereinafter called the appellees, wherein appellant seeks to foreclose a recorded junior mortgage and offers to redeem pursuant to the opinion of this court in the case of Kurz v. Pappas, supra, from appellees who were the successors in title to the purchaser of the encumbered property under foreclosure proceedings of a prior mechanic's lien, to which foreclosure proceedings appellant was not made a party. Incident to such redemption, appellant seeks an accounting to determine the amount of such prior mechanic's lien, from which he is required to redeem the real estate, and also seeks a determination in such accounting of the net rents and profits re-

ceived by appellees while in possession of the encumbered property.

· In the case of Kurz v. Pappas, *supra,* this Court in an opinion by Mister Justice Davis, holding that the final decree appealed from be affirmed in part, directed that the court below should require the inferior lien holder (appellant) to redeem from the superior lien holder by a short day, to be named, or stand barred and the title be confirmed in the superior lien holder, in accordance with the principles applied in Quinn Plumbing Company v. New Miami Shores Corporation, 100 Fla., 413, 129 So. 690, 73 A. L. R., 600.

· Appellant, pursuant to the opinion of this court in Kurz v. Pappas, *supra,* filed an amendment to his bill of complaint, alleging in his amendment that the appellees were in possession of the property, deriving the rents and profits therefrom and that the amount of rents and profits were in excess of the amount claimed in said mechanic's lien and alleging that appellant was unable to determine what sums he would be required to pay in order to redeem, and praying an accounting to determine the amount of the mechanic's lien and the net rents and profits received by appellees while in possession as successor in title of the purchaser at the foreclosure of the mechanic's lien.

, To the bill of complaint as amended appellees filed motions to strike the portions of the amendment relating to the rents and profits and a motion to dismiss the bill and motion to strike and for entry of final decree, the lower court entered its opinion and order granting the motion to strike portions of appellant's amendment to the bill of complaint relating to the rents and profits arising from said property. From this part of the order of the lower court appellant brings the case here for review. The lower court denied

the motion to dismiss the bill of complaint as amended and the motion to strike the entire bill and from this portion of the order of the lower court the appellees appeal.

The well reasoned interlocutory decree of the learned Chancellor is as follows:

"This cause is now before the court on motion of the defendants, Patchen and wife, to dismiss complainant's bill of complaint as amended, motion to strike certain portions of the amendment to the original and amended bill of complaint, and motion to strike the amendment to the original and amended bill of complaint and enter a final decree herein.

"The motion to dismiss consists of thirteen grounds, three of which will be considered. These are that the bill is without equity, complainant is guilty of laches, and complainant does not offer to do equity. We will discuss the second of these first.

"An inspection of the records in this case discloses that the original bill of complaint brought to foreclose complainant's mortgage was filed July 18, 1929. The suit of Edgar L. Nash to foreclose his mechanic's lien was filed May 7, 1927, and the *lis pendens* was filed the same day. The Nash foreclosure resulted in the execution of a Master's Deed to him which deed was duly recorded March 27, 1929. Nash conveyed the property by warranty deed recorded June 3, 1939, to Glen Dixon, who in turn conveyed to George W. Patchen by warranty deed recorded June 3, 1929. It is true that complainant was not made a party to the lien foreclosure suit, he was not a necessary party to such suit, but he is charged with notice of the recordation of the *lis pendens* and the aforesaid deeds. It is also urged by defendant that although the opinion and decree of this Court filed April 6, 1931, held that complainant could not maintain his

suit to foreclose his mortgage against these defendants and that his only remedy, if any, was that of redemption, complainant failed and refused to file any pleadings in this Court to redeem until April 30, 1933.

"In the opinion just referred to this Court said:

" 'The principle of law which complainant here seeks to invoke is not applicable to the foreclosure of a mortgage nor to a suit to determine rights of priority since these are the sole questions to be adjudicated under the pleadings filed and the proofs submitted in this cause.'

"Further on in the same opinion this Court said:

" 'In the case at bar there are no pleadings and no prayer on which the Court may predicate a decree allowing redemption by the junior incumbrancer.' "

In the informal discussion at the time of hearings on the pleadings in chambers this writer on several occasions suggested to complainant the advisability of amending the bill of complaint so that the question of redemption could be considered and adjudicated. It is an elemental rule both in equity and law that the plaintiff shall obtain the relief sought, if at all, upon the case made out by his bill. After the filing of this opinion final decree dismissing the bill was not entered until June 1, 1931, but during this period of time complainant made no effort to comply with the suggestion of the Court, electing rather to stand upon his contention that the defendants forfeited "priority over a mortgage by failing to make the mortgagee a party in a suit to enforce the lien" and the "failure to commence proceedings as against the mortgagee within the statutory period." On appeal the final decree was affirmed in every particular in a very able opinion by Mr. Justice Davis, filed November 28, 1932. After the coming down of this opinion complainant filed a petition for rehearing in the Supreme Court and

for the first time it appears conceded that his only right was that of redemption. In this petition motion was made that the decree of the lower court be reversed and that appellant be allowed "to redeem the property from the purchaser at the sale under the materialman's lien foreclosure." This petition was made in the face of the fact that there were no pleadings upon which this Court could predicate a decree for redemption, and to have entered such decree under this state of the pleadings would have been reversible error. Not only so, but the petition for rehearing did not suggest the necessity for additional pleadings.

This case was deliberately presented on a specific theory in the lower court, and contended for in the Appellate Court, that of foreclosure of a mortgage against the owner who acquired title, by the foreclosure of a mechanic's lien, the priority of which lien over the mortgage, if priority had ever existed, had been forfeited. No application for leave to reopen the pleadings or to have further proceedings was made in the lower court for the purpose of re-presenting his case on a different theory. After his theory had been rejected by the lower court and this decree affirmed by the Appellate Court he insisted that he be permitted to re-present his case on a different theory, that of redemption, and that without recasting his pleadings so as to sustain his new theory.

As a general rule the facts here presented would amply justify defendants in invoking the ground of laches against complainant. Almost four years have elapsed since the institution of the suit. The failure to complete the case within a reasonable time can be attributed almost solely to the insistence of plaintiff upon a theory of the case which has been rejected by the court at every step of the case. Certainly this is a splendid example of the law's intermin-

able delays, responsibility for which rests upon complainant and not upon the court. The only part of this delay which can justly be charged to the Court was that period of time from April 6, 1931, to June 1, 1931, during which complainant was given an opportunity to amend his pleadings so as to permit redemption, which he refused to do. But the record here recited was before the Supreme Court from which mandate issued remanding this cause to this Court with directions to reopen the case and allow further proceedings herein. This mandate will be construed in effect as having overruled defendant's contention that plaintiff is guilty of laches. The same can be said of the contention that the bill is without equity.

But defendants earnestly contend that plaintiff does not offer to do equity. In the amendment to the bill plaintiff seeks an accounting for rents and profits from defendants who have been in possession, and alleges he cannot, until such accounting has been made, pay into the registry of the Court any definite sum for redemption from defendant's prior lien. There are also other allegations which seek to justify his failure to make a tender. The questions raised by these pleadings have not been adjudicated by our Supreme Court, and, therefore, plaintiff was well within his rights in presenting his contentions at this time. It must be conceded that if his contentions are sustained it would be impossible to tender any definite sum at this time.

It is not deemed necessary to discuss the other grounds of the motion to dismiss as they are not considered sufficient. For the reasons given the motion to dismiss should be denied. The motion to strike the amendment to the bill and to enter a final decree raises the same questions as presented in the motion to dismiss which have already been discussed, and for the reasons there given, said motion to strike should be denied.

We will now consider the motion to strike certain portions of the amendment. The motion to strike part of paragraph four which sets up a mortgage on another lot should be stricken as the allegations are not material to the issues involved in this case. The remaining motions to strike deal with allegations as to deductions to be made by defendants for rents and profits received by them and taxes paid by plaintiff, taxes unpaid, but which it is alleged should have been paid by defendants, and for an accounting. Since all of these raise questions as to the liability of defendants while in possession of the property under the lien foreclosure proceeding, the motions will be considered together.

It is agreed by all parties that a mortgagee in possession will be required to account for rents and profits either to the mortgagor or to a junior incumbrancer. This seems to be the general if not universal rule. But where one enters into possession not as a mortgagee but as the owner of the property a different rule prevails. If the mortgagor's interest in the land including his equity of redemption has been cut off by the foreclosure and sale under a senior mortgage the purchaser at such sale is not accountable for the rents and profits for his possession is that of owner. This is true even though such foreclosure as against the junior incumbrancer who was not made a party to the foreclosure proceedings is a nullity. As to him the mortgage has never been foreclosed and is still in existence.

There is a well-defined and marked distinction between a mortgage in possession and the purchaser of a mortgage's equity of redemption. Until the mortgagor has lost his equity of redemption or right to redeem from a sale he is entitled to the rents and profits of the mortgaged property. When the fee has vested in another by purchase or decree of court, then his rights to rents and profits cease. Jones on Mortgages (Section 1118) says:

"The purchaser, standing in the place of the mortgagor or owner of the premises, is not liable to account for rents and profits."

Gault v. Equitable Trust Co. v. 38 N. W. 1065 in Gaskill v. Viquesney, 122 Ind. 244, 23 N. E. 791, it is held:

"This right to compel an accounting for rents and profits extends, also to a junior incumbrancer. He may compel a senior mortgagee, to account to the same extent and in the same manner as the mortgagor might compel an accounting. His right to compel such an accounting does not rest upon any obligation of the senior mortgagee to him, for there is no contract between them, but it rests upon the fact that the senior mortgagee is under obligation to the mortgagor to account, and that by reason of his junior lien he has the right, in equity, to stand in the place of the mortgagor, and compel the application of the rents and profits to the satisfaction of the senior mortgage. The junior mortgagee has no right, therefore, to compel an accounting when the mortgagor has no such right. If the title of the mortgagor has been divested and the mortgagee has been in possession under a title derived from the mortgagor, he is not chargeable with the rents and profits of the mortgaged premises."

See cases cited under this holding, also Jones on Mortgages (8th ed.) Vol. 2, p. 919; Williams v. Marmon, 321 Ill. 283, 151 N. E. 880, 46 A. L. R. 132, and the voluminous authorities cited under the annotation.

It will not be seriously contended in the case now before us that the original owner, Pappas, has any interest in the property, nor that he can now claim the right to redeem from the present owner, Patchen. His title to the property was divested by the foreclosure of the prior mechanic's lien against him, and he can no longer demand an accounting

from the owner in possession. The junior mortgagee also has no such right, for, in equity, he stands in the place of the mortgagor in so far as an accounting is concerned. "Patchen, as the successor in title to the property under foreclosure of a mechanic's lien, occupies the status of a first lienor, who has foreclosed his lien, and acquired the legal title under foreclosure." His title, however, is subject to the rights of a junior incumbrancer who was not party to the suit to foreclose the prior lien. Kurz v. Pappas, 140 So. 100; Quinn Plumbing Co. v. New Miami Shores Corp., 129 So. 690. He is in a dual capacity, that of the owner of the fee and the prior lienor. He may bring suit to require the inferior lien-holder to redeem or he may be made a party defendant, as here, to a suit brought by such inferior lien-holder to redeem from the prior lien. In such case, being the owner of the fee, and his possession being that of the owner of the legal title, and not that of a mortgagee in possession, he will not be required to account for the rents and profits.

Plaintiff contends, however, that as to him the defendant is in possession as a mortgagee, and not as the owner of the legal title, and cites in support of this contention Quinn Plumbing Co. v. New Miami Shores, Corp., *supra,* Crystal River Lumber Co. v. Knight Turpentine Co., 67 So. 974, and Key West Wharf Co. v. Porter, 58 So. 599. In this last case cited above it was held:

"The purchaser of property at a foreclosure sale for the full amount due on the decree of foreclosure, when for any reason the foreclosure proceedings are imperfect, irregular or void, becomes subrogated to all the rights of the mortgagee in and to such mortgage and the indebtedness it secured, and becomes thereby virtually an equitable assignee of such mortgage and of the debt that it secured * * *."

This was a suit brought by such purchaser at a foreclosure sale to which a junior incumbrancer was not a party to reforeclose the prior mortgage as against the inferior lien holder. This holding was reaffirmed in the other two cases cited. In all of these cases the effect of the holding is that the foreclosure proceedings were "imperfect, irregular, or void," and that the purchaser thereby virtually became an "equitable assignee" of the mortgage. But were the proceedings imperfect, irregular or void in every particular and as to all parties? And did the purchaser become the "equitable assignee" of the mortgagor? It is certain that as to parties having an interest in the property who were not made parties to the original foreclosure proceedings, the situation as to them is the same as if no foreclosure had occurred. The purchaser at the foreclosure sale became subrogated to all the rights of the mortgagee, and could reforeclose the mortgage as against those not made parties to the first foreclosure proceedings, or he could bring a suit to require the junior incumbrancer to redeem. In the case now under consideration the situation of the owner of the legal title under the lien foreclosure is analogous in those respects to the purchaser at the sale under a mortgage foreclosure. But the decree is valid as to those who were joined as parties. Quinn Plumbing Co. v. New Miami Shores Corp., *supra*. The legal title of Pappas having been divested by the sale under the foreclosure of the lien, immediately became vested in the purchaser at such sale with the rights of possession as the owner thereof. It follows from what has been said that the motion to strike should be granted.

It is therefore ordered, adjudged and decreed that the motion to dismiss be and the same is hereby denied.

It is further ordered, adjudged and decreed that the motion to strike the amendment to the original and amended

bills of complaint, and for the entry of a final decree herein, be and the same is hereby denied.

It is further ordered, adjudged and decreed that the motion to strike portions of the amendment be and the same is hereby granted as to each of said paragraphs, and that plaintiff be allowed ten (10) days' from the date hereof to further plead in said cause."

PER CURIAM.—The foregoing opinion prepared by Circuit Judge Ira A. Hutchinson is adopted by a majority of the Supreme Court as the opinion of said Supreme Court with this modification:

The orders appealed from should be vacated and a modified order or orders' entered in the cause wherein the junior incumbrancer, seeking redemption from the claim of the prior mechanic's lien which had already been foreclosed with title to the encumbered property vested in the successors to the purchaser at the prior mechanic's lien foreclosure (such junior encumbrancer not having been duly made a party when the prior mechanic's lien was' foreclosed) should be allowed to deduct from the superior lien claim, the amount of taxes accruing and unpaid during the time the superior lien holder, and his successors in title, had possession of the property, and thus have enjoyed its emoluments, benefits and profits in the right of the original title holder, who (having been foreclosed against without making the junior encumbrancer a party) should be given the benefits of his right of redemption as of the date of the first foreclosure, insofar as taxes and assessments on the property are concerned.

It is therefore considered, ordered and adjudged by the Supreme Court that the order of July 27, 1933, be and the same is hereby vacated, and the cause remanded for the entry of an appropriate amended order or orders not in-

consistent with this opinion, one-half the costs of this appeal to be taxed against appellant and one-half such costs against the appellees. It is so ordered.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

## ON PETITION FOR REHEARING.

· PER CURIAM.—By a petition for rehearing filed on behalf of the appellees, George W. Patchen and Harriett Patchen, suggestion is made that the Court has failed to decide the points raised on the cross assignments of error in this case by its opinion filed June 25, 1934, as amended June 29, 1934.

· The effect of the opinion prepared by Circuit Judge Hutchinson, filed June 25, 1934, was to adopt, with a slight modification, the statement and opinion of the Chancellor who entered the orders appealed from in the present case. The Circuit Judge prepared and filed in the cause below, an exhaustive opinion, fully going into and discussing all the propositions of law necessary to be decided at the present state of these proceedings. The effect of the opinion of this Court filed June 25, 1934, as amended June 29, 1934, is to modify and adopt the opinion of the Circuit Judge who entered the orders appealed from in the court below, so that same will hereafter be the law of the case for the guidance of the court below in its final adjudication of the controversy.

It necessarily follows that the cross assignments of error numbered 1 to 7, inclusive, being inconsistent with the view of the Chancellor as approved, were necessarily overruled and rejected, even though not specifically referred to in the opinion adopted June 25, 1934, as amended June 29, 1934.

Petition for rehearing denied.

DAVIS, C. J., and WHITFIELD, ELLIS and BUFORD, J. J., concur.