CARROLL, CHAS., Judge.
The appellee Louis E. Ouellet foreclosed a second and third mortgage on real estate without joining the appellant Marks Brothers Paving Co., holder of a lien for labor and materials inferior to the second mortgage but superior to the third mortgage. A final decree of foreclosure was entered, under which the property was sold to the appellee-mortgagee, to whom the clerk then issued a certificate of title.
While that foreclosure was pending the appellant Marks Brothers Paving Co. filed a suit to foreclose its lien, without joining the appellee[1] who held the third mortgage, the lien of which was inferior to appellant’s lien. Appellant’s foreclosure ran its course, and resulted in purchase at the foreclosure sale by appellant and the issuance to appellant of a certificate of title.
Thereafter the appellant filed this suit to quiet title, claiming priority over the appellee on two grounds: (1) that it held the second and latest certificate of title, and (2) that the two mortgage liens held by appellee had become merged with title in the appellee, and that appellant’s lien, which did not become barred by the ap-pellee’s foreclosure suit, thereupon became superior.
Appellee Ouellet answered, recognizing that the omission to join junior lienholders in the foreclosures had left them with rights of redemption, and offering to redeem by paying the amount of appellant’s lien, but claiming a right to an accounting from appellant for rents. The basis for that claim was that appellant, following its foreclosure suit, took possession of the property without legal process.
The parties moved for summary decrees, The motion of the appellant was denied and the court granted a summary decree to the appellee, securing to the latter the property and the right to possession, and directing an accounting in which the appellant lienholder should be entitled to payment or credit for the amount of its lien,
In denying the appellant’s motion for summary decree the learned chancellor was correct. The established law is that failure of a plaintiff to join the holder of a junior mortgage or other lien in a mortgage foreclosure suit, leaves the latter in the same position as though no foreclosure had been had, and possessed of a right of redemption. See Quinn Plumbing Co. v. New Miami Shores Corp., 100 Fla. 413, 129 So. 690, 692, 73 A.L.R. 600; 1 Glenn on Mortgages, § 86 (1943); 5 Tiffany, The Law of Real Property, § 1535 (3d Ed. 1939); Annotation 134 A.L.R. 1490 (1941). In the Quinn case the Supreme Court said (129 So. at page 692) :
“When a first mortgage has been foreclosed, and a junior incumbrancer has not been made a party, the decree is valid as to those who were joined as parties, but of course is not binding upon, nor does it in any wise affect, the rights of the junior mortgagee who has been omitted. The rights of such omitted person remain precisely as they were before the proceedings were instituted. They are neither enlarged nor diminished by the defective foreclosure. McGough v. Sweetser, 97 Ala. 361, 12 So. 162, 19 L.R.A. 470. As to such omitted junior mortgagee the situation is the same as if no foreclosure had occurred. Key West Wharf Co. v. Porter [63 Fla. 448, 58 So. 599], supra; Crystal R. Lbr. Co. v. Knight Turp. Co. [69 Fla. 288, 67 So. 974], supra; Wiltsie on Mortgage Foreclosure (4th Ed.) 1055.
“The purchaser at such a foreclosure sale occupies the same position as the first mortgagee, having become equitably subrogated to his rights, which may be enforced by such purchaser against the junior mortgagee to the same extent as they could have been enforced *516 in the original foreclosure had the junior mortgagee been made a party thereto. The junior mortgagee may defend to the same extent as if the irregular foreclosure had not occurred.”
It appears that the appellee had foreclosed on the property, which was a newly completed residence, but had not gone into occupancy. Shortly thereafter the appellant completed its lien foreclosure in which the record owner was joined but in which the appellee as the holder of the third mortgage (inferior to appellant’s lien) was not made a party. Therefore, the ap-pellee, though divested of title by the lien foreclosure, continued to hold the benefit of his third mortgage lien with a right of redemption.
The appellant, as purchaser at its foreclosure sale and as recipient of a certificate of title based thereon, became an “owner” entitled to possession,[2] although it would appear that upon a full disclosure of the interests of all the parties the appellee, as the original holder of the superior lien of those foreclosed, should, following the two foreclosures, be entitled to prevail as between the two foreclosure sale purchasers (as the chancellor ultimately found in this suit).
But prior to such presentation of the matter to the court, the appellant, based on its purchase of the property at the second foreclosure sale, became entitled to possession and was not accountable for rents to the former owner or those claiming under such former owner. The absence of obligation to account for rents and profits on the part of the appellant, as a title holder entering into possession following foreclosure, was recognized and established by the Supreme Court in the case of Kurz v. Pappas, 116 Fla. 324, 156 So. 737, 740, where it was said:
“ ‘It is agreed by all parties that a mortgagee in possession will be required to account for rents and profits either to the mortgagor or to a junior incumbrancer. This seems to be the general if not universal rule. But where one enters into possession not as a mortgagee but as the owner of the property a different rule prevails. If the mortgagor’s interest in the land including his equity of redemption has been cut off by the foreclosure and sale under a senior mortgage the purchaser at such sale is not accountable for the rents and profits for his possession is that of owner. This is true even though such foreclosure as against the junior incumbrancer who was not made a party to the foreclosure proceedings is a nullity. As to him the mortgage has never been foreclosed and is still in existence.
“ ‘There is a well-defined and marked distinction between a mortgagee in possession and the purchaser of a mortgage’s equity of redemption. Until the mortgagor has lost his equity of redemption or right to redeem from a sale he is entitled to the rents and profits of the mortgaged property. When the fee has vested in another by purchase or decree of court, then his rights to rents and profits cease. Jones on Mortgages, § 1118, says: “The purchaser, standing in the place of the mortgagor or owner of the premises, is not liable to account for rents and profits. Gault v. Equitable Trust Co., 100 Ky. 578, 38 S.W. 1065.” ’ ”
The decree is affirmed in part, and is reversed as to the holding that the appellant was accountable to the appellee for rents, and the cause is remanded for further proceedings to allow or enforce redemption by junior incumbrancers not joined in the foreclosures, as set forth and provided for in Quinn Plumbing Co. v. New Miami *517 Shores Corp., supra, and Kurz v. Pappas, supra.
Affirmed in part and reversed in part and remanded.
HORTON, C. J., and WALDEN, JAMES H., Associate Judge, concur.

. References herein to “appellee” are to the appellee Louis E. Ouellet.

. Godfrey v. Powell, 5 Cir., 1946, 156 F.2d 51, 53; 59 C.J.S. Mortgages §§ 589, 768; 4 American Law of Property, § 16.195, pp. 469-470 (Casner Ed.1952).