PER CURIAM.
This appeal is from a final judgment in an action to foreclose a vendee’s lien. We affirm the judgment in favor of Defendant Glendale Federal Bank, which proved it held a lien superior to Plaintiffs’, but we reverse and remand for the entry of a final judgment of foreclosure against Defendant Breckenridge Estates Corporation, which at the time of filing suit was the owner of the property to which the lien attached.[1]
The Plaintiffs’ vendee’s lien arose when they contracted with Breckenridge for the latter to build and sell them a home, and Breckenridge defaulted on the contract and refused to return the Plaintiffs’ deposit, which had not been escrowed.[2] They filed suit to foreclose, naming Glendale and others as junior lienors. A default was entered against Breckenridge, and the case proceeded on the question of the relative priority of the Plaintiffs’ lien as against Glendale’s mortgage. Dispositive of that issue was the fact that the Plaintiffs had executed an agreement to subordinate any interest they had under the contract to Glendale’s mortgage lien.
After entering final judgment in favor of Glendale, the trial court denied Plaintiffs’ request for a final judgment against Breckenridge. We see no error in the trial court’s ruling as to Glendale; however, the trial court erred in failing to enter judgment against Breckenridge.
*738 On review of the record, we conclude that the enforceability of the Plaintiffs’ lien did not become an issue at trial until Glendale filed its written “final argument” with the trial court, taking the position that a lien may not be enforced against a property which has subsequently been foreclosed by a senior mortgagee.[3] However, Glendale never disputed the existence of the lien. There is no counterclaim, and no affirmative defense or other pleading raises this issue. We also note that Glendale took no action to compel the Plaintiffs to exercise their right of redemption or have the same barred. The Plaintiffs were given no opportunity prior to their motion for rehearing to attempt to rebut Glendale’s argument. It appears they never consented to trying the question of whether they should have intervened in Glendale’s foreclosure action, and whether they lost any rights in the instant case by failing to do so. Therefore, it was improper for the trial court to refuse on that basis to enter a judgment in their favor against Breckenridge after its default, and no other basis for failing to do so appears in the record. Accordingly, we remand for the trial court to enter a final judgment of foreclosure against Breckenridge.
Having determined that the only issue in this case involving Glendale was one of priority, resolved in its favor, this opinion should not be construed as resolving any other issues raised in this appeal with respect to the title to the property. Nothing contained in the opinion should be construed as restricting any right of Glendale Federal to reforeclose its mortgage against Appellants.
GLICKSTEIN, C.J., and HERSEY and STONE, JJ., concur.

. While this action was pending in the trial court, Glendale acquired title at foreclosure sale pursuant to a foreclosure action it previously had filed (and to which it failed to make the Plaintiffs herein party Defendants).

. The concept of a vendee’s lien is premised on the doctrine of equitable conversion. All that is required of the non-defaulting buyer of a defaulting seller, in order to claim an equitable lien to secure the payments made, is that he establish his right to recover the money paid under the contract. The buyer is entitled to claim the lien even if the contract provides that he is entitled only to the return of his deposit. Sparks v. Charles Wayne Group, 568 So.2d 512 (Fla. 5th DCA1990).

. On appeal, Glendale argued that the Plaintiffs should be estopped from asserting their unrecorded lien because they failed to intervene in Glendale's foreclosure. However, the general rule is that in order for a foreclosure action to affect a junior lien, the junior lienholder has to be made a party to it; failure to join the holder of a junior lien leaves the holder in the same position as if no foreclosure took place. Kurz v. Pappas, 116 Fla. 324, 156 So. 737 (1934); Crystal River Lumber Co. v. Knight Turpentine Co., 69 Fla. 288, 67 So. 974 (1915); Marks Bros. Paving Co. v. Ouellet, 124 So.2d 514 (Fla. 3d DCA1960). (The owner of the property may re-foreclose in a later action against the omitted junior lienor. Trueman Fertilizer Co. v. Lester, 155 Fla. 338, 20 So.2d 349 (1944).) Exceptions to this general rule have been made when an unforeclosed junior lienor comes before the court requesting equity with unclean hands, one factor in which may be the failure to intervene in a prior foreclosure of which he had notice. Riley v. Grissett, 556 So.2d 473 (Fla. 1st DCA1990); Sponder v. Equity Capital Co., 248 So.2d 251 (Fla. 3d DCA), cert. denied, 252 So.2d 804 (Fla.1971). See also Orr v. Allen-Hanford, Inc., 158 Fla. 34, 27 So.2d 823 (1946). For a variety of reasons apparent from the record, the equities in this case appear to favor the Plaintiffs, who did not delay in bringing their action and did not initially understand their position to be that of junior lienors who properly could intervene in Glendale's action. Furthermore, while the Plaintiffs’ lien was unrecorded, it is undisputed that Glendale had actual notice of it; therefore, as to them it had the same effect as if it had been of record. Caribank v. Frankel, 525 So.2d 942 (Fla. 4th DCA1988).