MEDITERRANEAN CORPORATION, a Florida Corporation, *Appellant*, v. SPIRROS PAPPAS, a single man, EDGAR L. NASH, et al., *Appellees*.

146 So. 106.

147 So. 270.

Division B.

Opinion filed November 28, 1932.

Opinion filed February 23, 1933.

Order entered April 7, 1933.

*Stapp, Gourley, Vining & Ward*, for Appellant;

*T. D. Ellis, Jr.*, and *John W. Whelan*, for Appellees.

PER CURIAM.—This is a companion case to that of A. W. Kurz v. D. Pappas, and others, recently considered by us, 146 So. 100, 147 So. 271. Both cases were argued together. Both are appeals from final decrees. Each is controlled by the principles of law and equity heretofore laid down in Sandquist & Snow, Inc. v. Kellogg, 101 Fla. 568, 133 Sou. Rep. 65, 101 Fla. 579, 136 Sou. Rep. 235.

In the instant case the right to a priority in the property involved, as between appellant, a mortgage assignee, and the owner of the fee, one Patchen, a subsequent grantee under the purchaser at a mechanic's lien foreclosure, was litigated. The master held, and the Chancellor sustained his ruling, that under the evidence submitted, the adjudicated lien for labor and materials under which appellee claimed, accrued prior to the date of the mortgage. Foreclosure of the mortgage as against the mechanic's lien was denied and the bill of complaint was ordered dismissed without prejudice to any other right of the mortgage holder.

The ruling should be affirmed on the authority of the companion case to this, decided at the present term.

Affirmed.

WHITFIELD, P.J. AND TERRELL AND DAVIS, J.J., concur. BUFORD, C.J., concurs in the opinion and judgment. Filed under Rule 21-A.

---

ON REHEARING.

Opinion filed February 23, 1933.

PER CURIAM.—This case is a companion case to that of A. W. Kurz v. D. Pappas, et al., in which an opinion was filed November 28, 1932, at the same time an opinion was filed in this case affirming the decree appealed from. Rehearing was granted in this case at the same time a rehearing was granted in the companion case of Kurz vs. Pappas, *supra*. Both have been orally argued together on re-hearing. Each of them presents the same points of law and requires similar disposition on re-hearing.

For the reasons pointed out in the opinion on rehearing this day filed in the companion case of A. W. Kurz vs. D. Pappas, the decree appealed from is again affirmed in so far as it adjudicates priority of liens involved, but is otherwise set aside, and the cause remanded to the Court below, with directions to reopen the cause, have further proceedings according to equity practice, and enter such further decree herein as will be according to equity and not inconsistent with the original opinion in this cause, as modified by what has been held on re-hearing in the companion case of Kurz v. Pappas, this day decided. It is so ordered.

Modified decree of affirmance entered on a rehearing.

DAVIS, C.J. AND WHITFIELD, TERRELL AND BUFORD, J.J., concur.

---

ON MOTION TO TAX COSTS OF APPEAL.

Order entered April 7, 1933.

Upon motion to re-tax the costs of the appeal in this case, and it appearing that due notice of said motion has

been served upon counsel for the opposite party, and it appearing from the record of our judgment herein that the final decree appealed from in this case was affirmed as to all matters presented to the Circuit Court for decision, but was set aside for further proceedings with reference to other equities appearing to be involved, and not theretofore decided, it is thereupon considered by this Court that the costs of the appeal should be re-taxed herein upon the authority of Masser v. London Operating Co. (Fla.), 145 Sou. Rep. 72, and that it should now be ordered that the costs of the appeal heretofore decided by this Court on the 23rd day of February, A. D. 1933, should be, and they are hereby taxed against the appellant in this cause, all of which is ordered to be duly certified by the Clerk of this Court to the Court below, there to be included in the mandate of this Court heretofore issued.

So ordered.

DAVIS, C.J. AND WHITFIELD, TERRELL, BROWN AND BUFORD, J.J., concur.