GEORGE A. HUME, APPELLANT, VS. CHARLES H. SIMMONS, APPELLEE.

1. The lien created by the third section of Chapter 3747, acts of 1887, in favor of any person who shall perform any labor upon or in any farm, orchard, grove, garden, park, or other grounds, whether in clearing up, fencing, ditching, or draining, or in maintaining and cultivating the same, continued for six

months from the last day upon which such labor was performed, and if no proceedings be commenced within that time to enforce such lien, it expired.

2. S. performed labor upon the land and grove of F. during the year 1887 for a stipulated sum of money; F. sold the land and grove in July, 1888, to H., and in February, 1889, S. instituted an action at law against F. and H. to enforce a lien on the land for the labor performed; H. contested S.'s right to any lien on the land, but there was no service or appearance on the part of F., and judgment was entered against H. and F. on a verdict in favor of S.; *Held*, that as it appeared that the lien claimed by S. had expired before the institution of his suit, the judgment should be reversed on this account, without reference to other questions appearing on the record.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion of the court.

*W. H. Jewell*, for Appellant.

*Harrison & Peeler*, for Appellee.

MABRY J.:

Suit was instituted in the Circuit Court by appellee on the 12th day of February, 1889, against appellant and A. Herbert Field, and after a demurrer to the declaration interposed by Hume had been overruled, plaintiff filed an amended declaration. Pleas were filed to the amended declaration by Hume and a trial had thereon. The amended declaration alleges that on the first day of January, 1888, Field became indebted to plaintiff in the sum of $231.50 for work and labor done and material furnished on a grove situated on the S. E. quarter of S. W. quarter of Section 21, Township 21, South of Range 30, East, in Orange county, Florida, then owned by Field; that Field failed and refused to pay the sum mentioned, and plaintiff, on the 19th

day of March, 1888, filed his lien upon said land and grove in the clerk's office for Orange county, and the same was duly recorded in the book of liens on page 336. Further, that Hume became the purchaser of said land and grove after the recording of said lien, and that both he and Field had failed and refused to pay the said sum of money, though often requested so to do, to plaintiff's damage $400, and he therefore brought suit and prayed judgment of foreclosure of his lien for the said sum of money, together with costs and attorney's fee. A copy of the lien claimed was filed with the declaration, and consists of a written notice to the effect that Simmons intended to claim a lien upon the land described in the declaration for the sum $231.50 for work and labor performed and material furnished upon the orange grove situated on the land. The notice of lien is signed and sworn to before the Clerk of the Circuit Court and recorded by that officer on the 19th day of March, 1888, in book "I" of liens. Hume filed the following pleas to the amended declaration, vis: 1st. That he was not indebted as alleged in the declaration. 2nd. That plaintiff was not entitled to said lien, or any part thereof. 3rd. That defendant was a purchaser for value and without notice of said lien. Issue was joined on the pleas and a trial had, resulting in a verdict in favor of plaintiff for the sum of $157.13 damages, and the sum of $40.71 attorney fees. Motions in arrest of judgment and for a new trial were overruled, and, upon the plaintiff entering a remittitur as to the attorney fees, judgment was rendered as follows: "It is ordered that the plaintiff, the said Charles H. Simmons, do have and recover of the defendants, A. Herbert Field and George A. Hume, the sum of one hundred and fifty-seven dollars and thirteen cents as his damages, and the further sum of

four dollars and eighty-six cents as his costs in this behalf expended, said sums to be made out of the following described lands, to-wit: South-east quarter of South-west quarter of Section 1, Township twenty-one, South of Range 30, East."

The judgment in this case must be reversed. The object of the suit on the part of the appellee is to enforce a lien on the land described in the declaration for labor in cultivating and caring for the orange grove situated thereon from January 1, 1887, to January 1, 1888. Field owned the land and grove in 1887 and in November or December, 1886, made a contract with appellee to cultivate and care for the grove during the year 1887 for the sum of two hundred dollars. Only seventy dollars of this amount was paid. In March, 1888, appellee filed and had recorded the notice of lien referred to, and in July, 1888, appellant Hume bought the land from Field. In February, 1889, the suit was instituted. Field was not served with summons and did not appear in the action. The theory of appellee is that he had a lien on the land under the act of 1887 (Chapter 3747) for his labor performed on the grove, and that he had a right to enforce it against the land in the hands of Hume. It is not claimed, nor is there anything to indicate that Hume was in any way personally liable for appellee's claim, as it is for labor performed on the grove while owned by Field. The act of June 3, 1887 (Chapter 3747) took effect sixty days after the adjournment of the Legislature of that year, and, as it appears, most of the labor performed by appellee on the grove was before that time. So far as this case is concerned it is not necessary to decide whether the lien existed under the act mentioned only for labor performed after it became operative. If it be conceded that appellee had a lien under the said act

for the balance due for labor performed on the grove, it had expired long before the suit was instituted. By the 17th section of the act mentioned it is enacted "that the liens provided for in this act shall be created at the time any labor is done or material furnished, and shall continue for six months from the last day upon which such labor was done or material furnished." The construction put upon this section in the case of Warburton vs. Coumbe, 34 Fla., 212, 15 South. Rep., 769, was that the liens provided for in the act live only for six months from the last day upon which such labor was done or material furnished, and if no proceedings are instituted within that time to enforce such liens, they lapse and expire.

One of the defenses set up was that appellee was not entitled to any lien at the institution of the suit, and the court was asked to instruct the jury for the defendant that "if they find that plaintiff had a lien for work done as alleged in his declaration, then any such lien expired six months from the last day on which any such work and labor were performed, and that unless the evidence shows that this suit was commenced within such period of six months the plaintiff can not maintain his claim to a lien on said land." This request was refused and a contrary instruction given to the jury. The charges given and refused on this point were excepted to, and the errors assigned on them are fatal to the judgment rendered. We are satisfied that the six months' limitation prescribed in the 17th section of the act of 1887 applies to all actions for enforcing liens created by the 3rd section of said act, the only one under which appellee can insist that he had any lien on the land, and this being the case, the court erred in instructing the jury as it did, and in refusing to give the instruction asked by

appellant. The filing of a notice in the clerk's office of an intention to hold a lien on the land did not have the effect to extend the lien indefinitely. What is said is decisive of the case, as appellee's lien on the land, if he had any, had expired before he instituted his suit. The amended declaration was not demurred to, but a motion was made in arrest of judgment, that plaintiff had no right to proceed at law in the manner indicated to enforce his alleged lien.

It will be observed that the suit was not instituted by attachment or by affidavit and summons, as provided in the act mentioned.

There are other questions presented on the record before us, but as the point decided disposes of appellee's right to subject the land to any lien for labor performed during the year 1887, it is not necessary to refer to them.

The judgment appealed from will be reversed, and it is so ordered.