N. ADAMS, SURVIVING PARTNER OF THE LATE FIRM OF ADAMS BROS., *Appellant,* v. ELIZABETH DAVIS, *et al., Appellees.*

A bill which partakes of the nature of a bill of review may be a proper remedy to correct an erroneous description of land in a recorded final decree of foreclosure; and when the erroneous description of the land is contained in the mortgage the bill of review may be the basis for proper proceedings to re-

form the mortgage so that it may be duly foreclosed; and the mortgagee may maintain the suit when he did not know of and is not responsible for the error in the mortgage or for delay in discovering it, and no laches appear.

Appealed from the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the court.

*Roberson & Small,* for Appellant;

*McCollum & Harrell,* for Appellees.

WHITFIELD, C. J.—This appeal is from an order sus-- taining a demurrer to a bill of review brought by the mortgagees to correct an error in the description of land in a mortgage that had been foreclosed, but no convey-- ance made of the land under the sale made pursuant to the decree. The demurrer was addressed to the merits and not to the form of the bill.

It appears that in 1898 Benjamin Davis and Elizabeth Davis, his wife, executed a mortgage to Adams Bros. covering the SE¼ of NE¼ and the NE¼ of SE¼ Sec. 20, T. 1, S. R. 13 E. in Suwannee County, Florida, (except forty acres in Northeast corner); SW¼ of NE¼ and NW¼ of SE¼ Sec. 20, T. 1, S. R. 13 E. Davis and wife having conveyed forty acres of the land, intended the mortgage they gave to Adams Bros., to except that forty acres, but by mistake Davis indicated to the mortgagees that the N. E. forty should be excepted when it was intended that the N. W. forty should be excepted, that being the forty previously sold by Davis to another party. The error went in to the mortgage, the bill of foreclosure, the decree and the sale, but the mistake was discovered before a

deed was executed under the sale. A member of the mortgagee firm and the mortgagor Benjamin Davis both died after the foreclosure decree, Benjamin Davis having died after the order allowing the bill of review to be filed was served on him. No deed under the foreclosure sale has been made. See Fisher v. Villamil, 62 Fla. 472, 56 South. Rep. 559; Powers v. Scales, 61 Fla. 717, 55 South. Rep. 799; Thompson v. Maxwell, 16 Fla. 773. The purpose of the bill of complaint in this cause is to correct an innocent mistake, and whether it should be, and in form is, a bill of review or a bill in the nature of a bill of review or a supplemental bill in the nature of a bill of review, or of other technical character and form, its purpose should be effectuated if no substantial rights are thereby inequitably affected. Its seems clear that the mortgagees did not know of and were not responsible for the error in the mortgage, or for the delay in dis-covering it; and in view of the circumstances laches of a nature to affect inequitably the rights of any one do not appear. On the bill of review the decree may be opened and by appropriate proceedings the mortgage may be corrected and foreclosed with the present plead-ings as a basis for subsequent proceedings, even if the subject-matter was homestead real estate. The inten-tion of the parties may be effectuated through their successors in title when it is both legal and equitable to do so. By demurring to the bill of review the appellees have appeared in the cause as the legal representatives of Benjamin Davis the mortgagor.

The order appealed from is reversed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.