N. ADAMS, AS SURVIVING PARTNER, &C., *Appellant*, v. ELIZABETH DAVIS AND OTHERS, *Appellees*.

Opinion Filed March 12, 1914.

Rehearing Denied April 22, 1914.

A mortgage calling for 120 acres, will be reformed so as to cover a forty still owned by the mortgagor, who had theretofore sold off a forty of the quarter section, mistakenly described in the instrument, upon clearly preponderating proof in behalf of the party alleging the mistake.

Appealed from Circuit Court for Suwannee County; M. F. Horne, Judge.

Decree reversed.

*Robertson & Small*, for Appellant;

*John F. Harrell*, for Appellees.

COCKRELL, J.—For a statement of the bill of review in this case, reference may be had to the opinion of the court upon the former appeal, Adams v. Davis, 63 Fla. 324, 58 South. Rep. 837. We there held that the complainant had stated a case for equitable relief. Thereafter the defendants, Elizabeth Davis and Elizabeth Mc-Quay answered the bill under oath and evidence was taken, resulting in a dismissal of the bill.

We are of the opinion that the evidence sustained the bill, even upon the quantum of proof necessary to overcome the sworn answer in cases of reformation. We think it clearly established that Benjamin Davis at one time owned a quarter section, 160 acres, but before applying for the mortgage loan had sold off a forty to one Dancy. That in the application for the mortgage it was clearly the intention of all parties to include therein the remaining 120 acres, but by mistake the excepted forty was placed in the northeast instead of the northwest corner of the quarter section. The mortgage as written called for one hundred and twenty acres, but as written, one-third of the described land had theretofore been sold. The defendants do not attempt to explain why the mortgagors should try to mortgage property not owned by them—in fact they merely say they did not intend to mortgage the forty in the northwest corner, admitting that they had theretofore sold off the northeast corner.

We have not only the testimony of two witnesses to overcome this rather general allegation of the answer, but most persuasive corroborating circumstances. Herring v. Fitts, 43 Fla. 54, 30 South. Rep. 804.

Decree reversed with directions to reform the mortgage.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.