BOOKER & COMPANY, INC. et al, *Appellants*, v. LEON H. WATSON, INC. et al, *Appellees*.

Division B.

Opinion filed December 5, 1928.

*Macfarlane, Pettingill, Macfarlane & Fowler,* Attorneys for Appellants;

*Knight, Thompson & Turner,* Attorneys for Appellees.

BUFORD, J.—The appellants here were complainants in the court below and brought suit to foreclose certain liens

for material furnished in the construction of a building located upon lots described in the Bill of Complaint. The materials, it is alleged, were furnished by various complainants and went into the construction of a building on the lots described during a period beginning about the 1st of October, 1925, and continuing until the 15th of January, 1926, or later. The original bill was filed January 15th, 1927. It was alleged that the building was constructed for Leon H. Watson, Inc.; that during the time the building was under construction, to-wit: December 16th, 1925, Leon H. Watson, Inc., acquired title by warranty deed from D. P. Davis Properties; that on December 17th, 1925, during the time that materials were being furnished for the construction of the building and during the time at which the building was being constructed, Leon H. Watson, Inc., made and executed a mortgage to D. P. Davis Properties dated December 17th, 1925, and recorded in the Public Records of Hillsborough County December 24, 1925; that such mortgage was for $12,000.00 and was to secure advances made by the mortgagee to be used in the payment for the house so being constructed and that on the same date a second mortgage was given by Leon H. Watson, Inc., to D. P. Davis Properties for a part of the purchase money for the lots upon which the house was being constructed.

On September 9, 1926, it is alleged that D. P. Davis Properties transferred and assigned for value the aforementioned first mortgage, or construction mortgage, to Davis Islands, Inc., and that this assignment was recorded in the proper records of Hillsborough county on the same date.

Originally, Davis Islands, Inc., was not made a party to this suit, but on April 21, 1927, an amendment was filed making Davis Islands, Inc., a party to the suit and summons issued to Davis Islands, Inc., July 15, 1927, and was

served. What is termed as a redrafted bill of complaint was filed August 8, 1927. On September 15, 1927, Davis Islands, Inc., filed an answer. The answer contained the following allegation, to which exceptions were filed, to-wit:

"1. And that at the time, to-wit, April 21, 1927, of the filing of the amendment to the bill of complaint in this suit by which this defendant was first made a party hereto, more than twelve months had expired since the furnishing of the materials alleged to have been furnished by the complainants and also since the furnishing of materials by the defendants, W. A. Joughin and Jameson Chaires, co-partners, doing business as Joughin & Chares, and that more than twelve months had expired since the filing for record of the certain notice of lien by the complainant, Monroe Electric Company, a corporation, which was filed on the 13th day of April, 1926, and recorded in Lien Book 11, on p. 232, and the defendants, W. A. Joughin and Jameson Chaires, co-partners, doing business as Joughin & Chaires, so that the time for bringing suit against this defendant to enforce all or any of the liens of each and all of the complainants, as well as the lien of the said defendants, if in fact any such liens existed as against this defendant, has expired by limitation of law, and that each and all of the complainants and the defendants, W. A. Joughin and Jameson Chaires, co-partners, doing business as Joughin & Chaires, are now barred from the foreclosure of such liens,"
"for that said portion of the seventh paragraph of said answer is impertinent, irrevelant and immaterial as a defense to the allegations of complainant's bill of complaint.
"2. And, further, complainants except to all of the

eighth paragraph of said separate answer, for that the same is impertinent, irrelevant and immaterial as a defense to the bill of complaint herein.''

The answer of Davis Islands, Inc., prayed for affirmative relief based on allegations contained therein and answer was filed thereto by the cross-defendants. Exceptions were filed to the answer of the cross-defendants in the following language:

''First Exception: For that said cross-defendants hath not to the best and utmost of their several knowledge, remembrance, information and belief answered the tenth paragraph of this defendant's answer and cross-complaint filed herein, and their answer shows upon its face that the cross-defendants, John W. Biggar and wife, Annie M. Biggar, are necessary parties defendant to this suit, the title of record being in the name of said John W. Biggar, trustee; that the allegations contained in the first and second paragraphs of said cross-defendants' answer to this defendant's answer are immaterial, irrelevant and impertinent to show that the said John W. Biggar, individually and as trustee, and Annie M. Biggar, his wife, are not necessary parties defendant to this suit.

''Second Exception: For that the said cross-defendants hath not in manner aforesaid answered and set forth why this defendant, Davis Islands, Incorporated, is not the assignee without knowledge of the claims of these cross-defendants of the mortgage sought by this defendant's answer to be foreclosed, and hath not shown by their said answer any matters or facts or any knowledge on the part of this defendant, except as to claim of cross-defendant, Monroe Electric Com-

pany, which would establish the priority of the liens of these cross-defendants, except Monroe Electric Company, to the lien of the mortgage held by this defendant and sought by its answer herein to be foreclosed.

"In all of which particulars the answer of said cross-defendants, Booker & Company, Inc., Monroe Electric Company, Southern Lumber & Supply Company, Knight & Wall Company, B. H. Allen and A. L. Allen, co-partners under the name of Allen Sheet Metal Works, John W. Biggar, individually and as trustee, and Annie M. Biggar, his wife, as this defendant is advised, is imperfect, impertinent and evasive, and this defendant excepts thereto and prays that the said cross-defendants may put in a further and better answer to the allegations for affirmative relief in this defendant's answer contained."

The exceptions referred to coming on for hearing an order was made overruling the exceptions filed to the answer of Davis Islands, Inc., and another order was made over-ruling the first exception interposed to the answer of the cross-defendants and sustaining the second exception interposed to the answer of the cross-defendants. From these two orders appeal was taken.

The 8th paragraph of the answer of Davis Islands, Inc., is as follows:

"Further answering this defendant alleges that it is the holder in due course, by endorsement before maturity, of the principal note in the amount of $12,000, the payment of which is secured by the first mortgage heretofore mentioned, and is holder by assignment as aforesaid, of said mortgage, and that it was, at the time of the purchase by it of such note and mortgage

for a valuable consideration, without notice of any of the liens claimed by any of the complainants. That at the time of such purchase of said note and mortgage by this defendant, more than three months had expired since the entire furnishing of material by the complainants, and by the defendants W. A. Joughin and Jameson Chaires, co-partners doing business as Joughin & Chaires. Further answering this defendant says that the said purported notices of lien filed by the complainant, Monroe Electric Company and by the defendants W. A. Joughin and Jameson Chaires, co-partners doing business as Joughin & Chaires, are not in the form required by law and did not therefore constitute notice to this defendant at the time of the purchase of the note and mortgage of the defendant Leon H. Watson, Inc., as aforesaid, and that this defendant is a creditor without notice of such liens. Further, this defendant says that it is without knowledge as to whether such notices of lien were filed within three months of the entire furnishing of the material by said lien claimants, so as to be effectal against this defendant, and demands strict proof thereof.''

The order of the court overruling the exceptions to the answer of Davis Islands, Inc., was error because those matters and things set up in those parts of the answer to which exceptions were filed constituted no defense on behalf of the pleader, nor did they constitute grounds upon which affirmative relief could be based.

We observe no material error in the order of the court upon the first exceptions to the answer of the cross-defendants, but the second exceptions should have been overruled also. This Court, in construing Sec. 3517, Rev. Gen.

Stats. of Fla., in case of Peoples Bank of Jacksonville v. Virginia Bridge & Iron Company et al., 94 Fla. 474, 113 So. R. 680, say:

"Under paragraph 1 of Sec. 3517, Rev. Gen. Stats., a person who takes a mortgage from the owner of property upon which the construction of a building is in progress, takes with notice of any liens that may have already been acquired thereon by the furnishing of labor or materials for the erection of such building, whether notice of such lien has been recorded on the public records or not, and without regard to the expiration of the three months' period which is allowed under paragraph 2 of such statute for the recording of such notice after the entire performance of the labor or the entire furnishing of the material."

And, also:

"It is the progress of the construction of the building which under the first paragraph of said statute is sufficient to charge creditors and purchasers whose titles or liens attach while such construction is in progress with notice of liens which have already attached to the property in favor of persons performing labor or furnishing materials for the contruction of such building."

And, further:

"The provision of the statute that a purchaser or creditor whose interest in the property accrues while the construction or repair is in progress shall be deemed and held to be a purchaser or creditor with notice, is intended to make the progress of such construction or repair legal notice thereof even if the

purchaser or creditor in fact has no actual notice or knowledge of such construction or repair being in progress on the premises.''

The twelve months' period of limitation fixed by Sec. 3530, R. G. S., applies to the time within which suit must be filed, the purpose of which is the enforcement of the lien claimed against the property.

There is no contention shown by the pleadings in this case that the suit was not brought within twelve months from the time the last material was furnished by the lien claimant. Suit was filed on January 15th, 1927, and if it should develop that this date was more than one year after the last furnishing of material and that no notice of lien had been filed in the office of the clerk of the circuit court, as by statute required, the suit would abate because the lien expires by limitation at the end of twelve months from the performance of the work or the furnishing of the materials and when the lien shall have expired a suit can not be maintained to enforce the same. Eddins v. Tweddle, 35 Fla., 107, 17 So. R. 66.

The fact, however, that an adverse lien holder, the same being the assignee of a mortgage, which mortgage was made and executed during the progress of the construction out of which the material-man's lien arose, was not, until after the expiration of twelve months from the time of furnishing the material, made a party to a suit brought within the statutory period to enforce the material-man's lien, is immaterial. The only question between the owner and holder of the mortgage under the circumstances above stated and him who claims the material-man's lien is the question of priorities of lien into which the question of the right of the material-man to enforce his lien does not necessarily enter.

If the holder of a mortgage, which mortgage was made and executed by the owner during the progress of construction of a building out of which arose a material-man's lien in favor of a third party, be made a party to the suit brought by the material man within the statutory period of limitation, it is no defense to the material-man's lien that the mortgage holder was made a party to the suit by amendment after the expiration of the time within which the original suit is required by statute to be instituted.

It will then be observed by reference to the case of Peoples Bank of Jacksonville, a corporation, v. Virginia Bridge & Iron Co., a corporation, *supra*, that:

"The statute shows that the lien is *acquired*, as against the owner or prchasers or creditors with notice, by person in privity with the owner, *by the performance of the labor or the furnishing of the material*. And the statute shows just as plainly, that *notice* of such lien is constructively given to any and all purchasers or creditors whose title, interest or lien, in and to the property is created or arises while the construction of such property is in progress *by the actual going on or progress of such construction*."

The pleadings show that the mortgage lien was acquired while the construction of, and on, the property involved was in progress, and it was not a mortgage given to secure purchase money, and therefore, the mortgagee took the mortgage with the notice of the material-man's lien. The assignee of the mortgage could acquire no lien of greater dignity by taking the assignment of the mortgage than that which was acquired by the original mortgagee. This enunciation is supported by the opinion in the case of Peoples Bank of Jacksonville v. Virginia Bridge & Iron

Company et al., *supra,* and also by the opinion in the case of Guaranty Title & Trust Co. et al., v. Thompson et al., 93 Fla. 983, 113 So. R. 117.

No new lien was created by the assignment of the mortgage but simply the lien which was acquired by the mortgagee during the construction was assigned and transfered to another and this lien being so taken by the mortgagee was inferior and subject to the material-man's lien which arose out of the furnishing of material for the construction and it is immaterial whether or not the assignee of the mortgage had actual notice or knowledge that such construction was in progress on the premises at the time the mortgage lien was created.

For the reasons stated, the order of the chancellor overruling exceptions filed to the answer of Davis Islands, Inc., and the order sustaining the 2nd exception to the answer of cross-defendants are each reversed.

Reversed.

WHITFIELD, P. J., AND TERRELL, J. J., concur.

ELLIS, C. J. AND STRUM AND BROWN, J. J., concur in the opinion and judgment.