WEAVER-LOUGHRIDGE LUMBER COMPANY, doing business as PINELLAS LUMBER COMPANY, *Appellant,* v. W. A. HOBSON, *Appellee.*

En Banc.

Opinion filed May 21, 1930.

*Jefferson D. Stephens,* for Appellant;

No appearance for Appellee.

MATHEWS, Commissioner:

Appellee brought suit to foreclose a mortgage, claiming priority over an alleged lien claim of defendant, Weaver-Loughridge Lumber Company.

The answer of Weaver-Loughridge Lumber Company denied priority of complainant's lien and by cross-claim in its answer, said defendant therein alleged the making of

a contract by it with the owner of the legal title for furnishing of materials and supplies for the erection of a building and improvements on the mortgaged property; that it furnished such materials and supplies beginning on October 17, 1927, and ending with December 8, 1927, and that such materials were used in construction of buildings and improvements on said property, that a stated amount was due thereon and that on December 29, 1927, it caused notice of lien to be recorded in the office of the clerk of the circuit court of Pinellas County, Florida. The cross-claim of Weaver-Loughridge Lumber Company further alleged that complainant took his said mortgage while said buildings were in process of construction and with knowledge and notice that defendant, Weaver-Loughridge Lumber Company, was furnishing and delivering materials for said construction work.

The prayer of the cross-claim is that the lien of the Weaver-Loughridge Lumber Company be decreed to be prior in dignity to all alleged liens mentioned in the bill.

The cross-claim of Weaver-Loughridge Lumber Company was not served upon the owners and did not pray for process. The owners were not called upon to defend against said cross-claim and the record neither shows appearance or answer to the cross-claim by said owners, nor any waiver of process by them.

Upon hearing before the court, after complainant had introduced testimony in support of the bill, defendant, Weaver Loughridge Lumber Company, introduced testimony showing the making of its alleged contract with the owner, the furnishing by it of supplies and materials during the time alleged, the amount due therefor and recording of notice and that said materials and supplies were being furnished and said buildings were under construction when complainant took his mortgage upon the property.

The court below on the 25th day of February, A. D. 1929, struck all testimony introduced by the defendant, Weaver-Loughridge Lumber Company, and decreed a mortgage lien to exist in favor of the complainant, Hobson, in the principal sum of $6,000.00 and a further sum for interest accrued; that the lien of the mortgage held by the complainant, Hobson, was prior in dignity and superior to the rights of defendant, Weaver-Loughridge Lumber Company, and ordered a sale of the property, if the amounts found to be due complainant be not paid with costs.

Weaver-Loughridge Lumber Company appealed from the final decree.

The question presented by this appeal is, did Weaver-Loughridge Lumber Company bring suit to enforce its lien within the time fixed by statute.

Section 5393, Comp. Gen. Laws of Florida 1927, Section 3530, Rev. Gen. Stats. of 1929, provides when there has been no record of a notice of lien, suit to enforce lien (if it exists without record) must be brought within 12 months of the performance of the work or the furnishing of the materials, and if there has been such record, the suit must be brought within 12 months from the time of such record.

A chancery suit to enforce a materialman's lien is brought when the bill of complaint or cross-claim is duly filed by the clerk (Baugher v. Cohen, — Fla. ——, 124 So. R. 813), but where the action is not begun against the owner within the statutory time, it is unavailing, and making the owner a party thereafter amounts to a suit brought at the time he is made a party. 40 C. J. 387; Sorsby v. Woodlawn, 202 Ala. 566, 81 So. R. 68; Lovett v. Lovett, 93 Fla. 611, 112 So. R. 768; Booker & Co. v. Leon H. Watson, Inc., 96 Fla. 671, 123 So. R. 837.

The lien expires by limitation at the time fixed by statute and proceedings cannot, after the expiration of such time be brought to enforce the same. Eddins v. Tweddle, 35 Fla. 107, 17 So. R. 66; Hume v. Simmons, 34 Fla. 584, 16 So. R. 552; Carter v. Gearty, 90 Fla. 170, 105 So. R. 329; Booker & Co. v. Leon H. Watson, Inc., *supra;* Crandall's Florida Common Law Practice, 573, 20 A. & E. Enc. Law 2d Ed. 520; 18 R. C. L. 981.

Suit was not brought by Weaver-Loughridge Lumber Company within the time fixed by statute.

Affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the Court below should be, and the same is hereby affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.