I. P. BARLOW, *et al.,* v. J. W. STEVENS

150 So. 245
Opinion Filed September 22, 1933.

*N. G.* and *John Fite Robertson* of Sarasota, Fla., for Appellant;

*Leitner & Leitner,* for Appellee.

DAVIS, C. J.—This was a suit for reformation and foreclosure of a mortgage on real estate brought by Stevens, the mortgagee, against the defendants claiming an interest in the mortgaged land. The court entered its final decree for complainant and defendants' have appealed.

The mortgage as executed and recorded did not describe twenty-one acres of land which was later conveyed to one Deshefy, who gave a mortgage on it to one Anderson for $2500.00. The Chancellor held, and no doubt correctly so, that insofar as Anderson was concerned, he is chargeable with notice that the original mortgage from Barlow to Stevens was' intended to cover this tract of twenty-one acres but that by an error in the description, it had failed to do so.

However, it also appears that Anderson then proceeded to sell his mortgage on the twenty-one-acre tract of land to one F. L. Benedict, one of the appellants in this case, who acquired the same with neither actual nor constructive knowledge that the twenty-one acres of land described in the $2500.00 mortgage from Deshefy to Anderson was intended to be affected by the $7000.00 Barlow-Stevens mortgage which was sought to be reformed in this case so as to include this twenty-one-acre tract.

The holder by assignment, for value, before maturity and without notice, of a negotiable note and mortgage covering land appearing on the records to be clear of encumbrance, is, as such, entitled to the protection of the recording statutes, although his assignor may have, at the time of the assignment, been chargeable with notice of equities affecting the mortgage assigned, which could have been successfully maintained in equity against the assignor. Mullan v. Bank of Pasco County, 101 Fla. 1097, 133 Sou. Rep. 323. The case of Booker & Co., Inc., v. Leon H. Watson, Inc., 96 Fla. 671, 119 Sou. Rep. 104, is no authority to the contrary of the rule just stated. In the latter case, the holding was that where a materialman's lien had become fixed as a lien prior in dignity to a first mortgage that had been taken by the mortgagee, after a building was in process of construction on the mortgaged land, that the subsequent assignment of such mortgage to a *bona fide* purchaser for value, without notice of the prior materialman's lien, did not give the assignee any rights superior to those of the original mortgagee-assignor.

Such is not the case here. The complainant in this case was compelled to rely upon reformation of his mortgage in order to reach and bring into its scope the twenty-one acres of land that had been erroneously left out. The equitable

right to reformation is unlike the statutory right of a materialman's lien which is fixed and definite and is one by which the world is bound when the statute is pursued.

Defenses and equities existing between a mortgagee and his mortgagor, or third person, should not be allowed to affect the rights of the assignee of a subsequent mortgage on the same land, unless the latter had notice thereof at the time of the assignment, and an assignee for value of such a subsequent mortgage, without actual or constructive notice of an error in the description contained in an earlier instrument executed and intended between the parties to be a prior mortgage, should not be allowed to be prejudiced by the fact that his own assignor, the later mortgagee, took the mortgage assigned, with notice of the earlier mortgagee's right to have the earlier mortgage reformed so as to have it shown that it was intended to cover and encumber the same land as that covered and encumbered by the assigned later mortgage. See Tison v. Peoples Savings & Loan Assn., 57 Ala. 323; Williams v. Keyes, 90 Mich. 290, 51 N. W. 520, 30 A. S. R. 238.

It is not amiss to say in connection with the present controversy, that we do not construe the language used in the assumption clauses set forth in the antecedent deeds between other parties, as conveying either implied actual notice, or constructive notice, of the fact that the first mortgage description was erroneous in the omission from that mortgage of the twenty-one acres later described in the subsequent executed mortgage from Deshefy to Anderson. This we hold to be so, because the language employed in the instruments of conveyance is by no means wholly inconsistent with the idea that the description of the mortgaged land, as it appeared in the first mortgage, was not as stated therein to be the intention of the parties. Neither do we

attach any great importance to the suggestion that assignee Benedict's failure to testify regarding the circumstances of his assignment is such a suspicious circumstance as to warrant a court of equity in convicting him of fraud in connection with that assignment. If Benedict failed to testify, it was the privilege of complainant to have exacted from him a discovery of any damaging facts concerning the assignment, if such existed. In addition, complainant's suit was filed so long a time after the error in description should have been discovered and corrected on the public records by reformation or otherwise, that we deem it of importance to consider that fact in connection with determining whether or not Benedict, as an assignee of a mortgage constituting a first mortgage on the public records, should now be deprived of his status as a prior lienor in relation to Stevens, the mortgagee, so long delaying to assert his rights to a reformation of an erroneous description affecting the latter executed mortgage.

The decree appealed from should be reversed insofar as it subordinates the mortgage held by Benedict to that of Stevens, but affirmed in all other particulars, and the cause remanded to the Circuit Court with directions to amend the final decree to conform to the holding of this opinion. It is accordingly so ordered.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.