EDWIN W. MORTON, as holder and owner of certain unpaid and outstanding bonds secured by a mortgage or deed of trust, executed by J. H. Lord, to First Bank and Trust Company of Sarasota, a corporation recorded in Mortgage Book 8, Page 42, Public Records of Sarasota County, Florida, for the use and benefit of all of said bond holders similarly situated; and M. L. TOWNSEND, as Successor Trustee, for and on behalf of all the outstanding and unpaid bonds secured by a Mortgage or Deed of Trust executed by J. H. Lord to First Bank and Trust Company of Sarasota, a corporation recorded in Mortgage Book 8, Page 42, Public Records of Sarasota County, Florida, v. M. A. SMITH, as Liquidator of the Bank of Ybor City, JOHN C. CARDWELL, as Liquidating Agent, J. S. FAIRCHILD, and his wife, MRS. J. S. FAIRCHILD.

183 So. 475.

Division A.

Opinion Filed May 20, 1938.

Rehearing Denied Sept. 15, 1938.

*Mabry, Reaves, Carlton & White* and *Clyde H. Wilson*, for Appellants;

· *Francis C. Dart,* for Appellees.

TERRELL, J.—In 1924, J. H. Lord issued and sold bonds in the sum of $250,000 which he secured by a deed of trust describing certain lots in Sarasota, Florida, on which with the proceeds of said bonds he constructed the Lord Bank Building. The First Bank and Trust Company was named trustee in the trust deed. It later developed that all the lands on which buildings were constructed with the proceeds of the bonds were not included in the trust deed. This suit involves the lands not included.

In 1929, the First Bank and Trust Company failed and went into liquidation and the First Trust Company was appointed successor trustee for the Lord bonds. In 1930, Lord failed and turned the Lord Bank Building over to the trustee empowering it to collect the rents and apply them on the bonds. The trustee took possession of the entire building, including the portion involved in this suit and collected the rents until 1934, when it voluntarily surrendered that part of the building and land not described

in the trust deed to the defendant, M. A. Smith, as liquidator of State Banks.

The reason for this conveyance was that Smith as liquidator of the Citizens Bank and Trust Company and the Bank of Ybor City of Tampa, Florida, had secured judgment against Lord, and he being unable to pay it, the trustee deeded to Smith, as liquidator, in satisfaction of said judgments, that portion of the land and building described in the trust deed. Smith, as liquidator, later procured a deed from Lord to said lands and the trustee released possession of them.

The trustee for the Lord bonds then foreclosed the trust deed as to the lands and that part of the building described therein. The foreclosure was completed and a master's deed made to the trustee in trust for the bondholders in 1936. The property sold for less than the amount of the foreclosure decree. About this time, the First Trust Company of Sarasota resigned as trustee for the Lord bonds and was succeeded by M. L. Townsend who on petition to and decree of the Court, mortgaged the trust property conveyed to him. It was after this that Townsend discovered that Lord had constructed his bank building on more land than he described in the trust deed and that he used the proceeds of said bonds for this purpose.

When this fact was discovered by the bondholders, they brought the instant suit for the purpose of subjecting the lands not described in the trust deed but on which the Lord Bank Building was constructed, described in the bill of complaint as parcel number 2, to the payment of the difference between the amount found in the foreclosure decree to be due the bondholders and the amount they realized from the sale of the property described in the trust deed at the foreclosure sale. It is prayed by the bill in this suit that the trust deed be reformed to include parcel number 2,

on which a certain portion of the bank building was located. The original bill of complaint was amended as prayed for and a motion to dismiss it was sustained. This appeal is from the latter decree.

Several questions are argued for adjudication but the ultimate question presented is whether or not Appellant as complainant, should have proceeded by bill of review or by a new and independent suit to reform and foreclose the trust deed as to the lands not included therein.

The prayer of the bill of complaint in the instant or second foreclosure suit is that complainants be permitted to foreclose the trust deed as against the lands omitted therefrom and only for the amount which plaintiffs failed to realize from the original foreclosure proceeding. Appellants, in other words, took the position that they were warranted in proceeding by a new and independent suit to reform and foreclose the trust deed.

The chancellor, on the other hand, took the position that this procedure was wrong, that if complainants had a remedy, it was by bill of review or by bill in the nature of review, that is to say that the mortgage should first be reformed and foreclosed anew both as to the lands included and those not included therein.

The chancellor based his decision on the fact that at the time of the first foreclosure, it was known that the First Trust Company of Sarasota had filed a report of its trusteeship and had been discharged, that Townsend and certain of the bondholders were on notice of this report and discharge and had consented thereto, that Townsend was appointed as successor trustee in November, 1936, and immediately thereafter secured an order from the Court allowing him to borrow $34,000 on the trust property which he did and was, at the time of the negotiation for said loan, charged with knowledge of the claim of defendants on the

lands not included in the trust deed. In other words, the chancellor took judicial knowledge of the matters and pleadings in this suit.

Appellee contends that the decree of the chancellor should be affirmed and relies on Fisher v. Vilamil, 62 Fla. 472, 56 So. 559; Adams v. Davis, 63 Fla. 324, 58 So. 837, and 23 R. C. L. 317-318, to support his contention. Smith v. Pattishall, 176 So. 568, was also cited. These cases involve foreclosures where the wrong property was described in the mortgage foreclosed. The main question was that of correcting an erroneous description. The very basis of the suit was wrong and could be corrected by bill of review.

In the case at bar, we have a situation in which the lands were described correctly in the trust deed or the mortgage, but it is alleged that a portion of the lands that should have been included were omitted therefrom. In so far as the original foreclosure affected the lands described in the trust deed, it was regular and valid. The parties to the original and the present foreclosure were different and their interests were different. In the original foreclosure, there were over fifty parties defendant, while in the present foreclosure, there is only one main defendant. To now open up the original foreclosure and bring all these defendants in would upset rights vested thereunder, would be inequitable to the holders thereunder and could accomplish no good purpose. The interests of the parties to the first and second foreclosures are entirely separate and distinct; they arise from different sources; and no reason whatever is shown for reforming the trust deed and proceeding anew to perfect the second foreclosure.

Appellee further contends that even if the trust deed could ordinarily be reformed, it would be inequitable to do so in this case because the present owners of the omitted lands were formerly *bona fide* judgment creditors of the

mortgagor and acquired their interest in the res in satisfaction of their judgments.

If this contention can in law be established, it is of course a complete answer to the bill to foreclose in this case, but the original bill of complaint alleges among other things, that when the liquidator took over the property, the predecessor trustee was in actual possession of and was administering both the included and the omitted lands. If this fact is established, then it may follow that the liquidator as a judgment creditor took title subject to all the rights and equities which the parties in possession had in and to the property.

Other arguments in support of Appellee's contention on this point have been examined but they all involve matters of defense which may be offered to the second foreclosure. They are not such matters as are self supporting and concluded by the mere fact of pleading them.

It is therefore our view that under the facts of this case, complainant below was warranted in proceeding by a new and independent suit to reform and foreclose the trust deed limited to the lands omitted therefrom and that the chancellor was in error in dismissing his bill of complaint.

The judgment below is accordingly reversed with directions to reinstate the bill of complaint and proceed accordingly.

Reversed.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and CHAPMAN, J. J., concur in the opinion and judgment.