**D. A. SALLS and PEARL J. SALLS, his wife, v. JOHN W. MARTIN**

24 So. (2nd) 41
December 4, 1945
Rehearing denied January 3, 1946

June Term, 1945
Division A

*J. C. Davant,* for appellants.

*John C. Polhill* and *Alfred P. Marshall,* for appellee.

ADAMS, J.:

John W. Martin purchased certain real estate at master's sale wherein a foreclosure was prosecuted on state and county tax certificates. Thereafter he filed an ejectment action to get possession of the property. Pleas of not guilty were filed; seven years' adverse possession and also that plaintiff's action was not commenced within four years of the date of his deed as required by Section 196.06, Fla. Stat. 1941. All pleas, except the one of not guilty, went out on demurrer. At the trial the court directed a verdict for the plaintiff and defendant appeals.

Plaintiff challenges the right of defendant to plead adverse possession because he was unable to show a return and

payment of taxes as required by Section 95.17 and 95.18, Fla. Stats. 1941. This challenge was sustained by the circuit judge and in this he was correct.

The defendant, likewise, challenges the right of plaintiff to prosecute his action on a tax deed because the action was not brought within four years from the date of the deed as provided by Section 196.06, supra. We hold this challenge without merit because the prohibiting part of the statute is available only where there is in law an "adverse possession" and from what we have held above there was no adverse possession in law inasmuch as the property was not returned for taxation. This conclusion does not run counter to the principle that the plaintiff must recover on the strength of his own case rather than the weakness of his adversary because Section 196.06 is a bar within four years only where there is adverse possession. For a defendant to invoke the statute he must show that he is within the class of persons having a defense of adverse possession.

It is not necessary for us to determine here whether the plaintiff's deed is a "tax deed" as contemplated by the several statutes. We have resolved all questions on this appeal adverse to appellant without the necessity of passing upon the character of the deed and what we have said may not be construed as a determination of whether plaintiff's deed is a "tax deed."

All other questions have been duly considered and found without merit.

The decree is affirmed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.