75 So.2d 696 (1954)
Georgia HOLLEY, widow, Maude Holley White, widow, and Ruth Holley Marshall, Appellants,
v.
W.E. MAY, Appellee.
Supreme Court of Florida. Division A.
November 12, 1954.
Hull, Landis, Graham & French and J. Compton French, De Land, for appellants.
J.U. Gillespie, New Smyrna, for appellee.
*697 SEBRING, Justice.
The appeal is from a summary final decree entered in favor of the plaintiff below.
The suit arises out of an encroachment of a building owned by the defendants below upon an adjoining lot conveyed by the defendants to the plaintiff's predecessor in title by reference to a recorded plat which showed the deeded property to be a 50-foot lot and clearly delineated all boundaries. In the suit the plaintiff sought a declaratory decree determining his ownership of that portion of his lot upon which the building intrudes and that he has the lawful right to demolish and remove the encroaching portion of the building. In an earlier appeal in this cause the complaint was held sufficient to state a cause of action for declaratory relief, and the allegations of the complaint are set forth at length in that opinion. May v. Holley, Fla., 59 So.2d 636.
The defendants' amended answer to the complaint sets forth by way of defense to the cause that title to the strip of land upon which the building encroaches had passed to them by acquiescence in the establishment of a boundary line prior to the institution of the present suit; and that defendants' title to said strip of land had been perfected by adverse possession. In a counterclaim incorporated in the amended answer, the defendants prayed, alternatively, either for reformation or rescission of the deed from the defendants to plaintiff's predecessor in title, on the theory that there had been a mutual mistake of fact on the part of the grantor and the grantee at the time the deed was executed and delivered to plaintiff's predecessor in title. In respect to the claim of mutual mistake the significant allegation of fact in the counterclaim was that the parties did not intend to convey any portion of the land on which the building stood and that the description of the property as it appeared in the deed resulted from "the mistaken belief of the grantors and grantee that all of Lot 251 [the lot conveyed] lay north of said dwelling."
On motion of the plaintiff, the chancellor rejected the defenses asserted by the defendants and entered the final decree from which this appeal is taken.
We have the view that the chancellor was correct in ruling that the matters set forth in the answer and counterclaim did not constitute valid grounds for rescission or cancellation.
It is well established that reformation or rescission of an instrument on the ground of mutual mistake of fact cannot be claimed against a third-party bona fide grantee without notice. 45 Am.Jur., Reformation of Instruments, Secs. 68 and 69, pp. 624-625. The rule in this respect is that the right of reformation stands on the same footing as any other latent equity, and as recognized in the case of Barlow v. Stevens, 112 Fla. 57, 150 So. 245, 246, where "The complainant * * * was compelled to rely upon reformation of his mortgage in order to reach and bring into its scope the 21 acres of land that had been erroneously left out. * * * Defenses and equities existing between a mortgagee and his mortgagor, or third persons, should not be allowed to affect the rights of the assignee of a subsequent mortgage on the same land, unless the latter had notice thereof at the time of the assignment." See also Bright v. Buckman, C.C.Fla., 39 F. 243; annotations 44 A.L.R. 87; 102 A.L.R. 829. Therefore, while the defendants' assertions that the deed "lacked the mutual assent necessary to a valid contract" might have been sufficient as a predicate for rescission or cancellation against the original grantee, the contention is not available against the plaintiff, who is the successor in title of the original grantee of a deed that was valid on its face, and who is, so far as shown by the pleadings, a bona fide grantee without notice. Certainly the mere fact of possession of the area in question by the defendants, subsequent to their conveyance, would not put a purchaser on notice of any potential right in such grantors to cancel or rescind the deed as to the entire lot, but would, at best, only put one upon inquiry as to equitable claims against the particular strip in their possession by way of reformation or otherwise. Morton v. Smith, 133 Fla. 260, 183 So. 475.
*698 As to the right of the defendants to reform the deed, the assertion by the defendants in their counterclaim that the parties had an affirmative belief, though a mistaken one, that the entire 50 feet of the lot conveyed by the deed lay north of the encroachment would seem to amount to no more than an allegation of mistake in the identity of the property conveyed. Such being the nature of the allegations, it is clear that the defendants are not entitled to the reformation of the deed in question, because the availability of such a remedy is based upon the assumption that prior to and at the time of the execution of the deed there had been a complete meeting of the minds of the parties upon the exact subject matter to be included in the conveyance and an ensuing mistake in reducing the contract of the parties to a correct writing. That such was not the case is shown affirmatively by the pleading and consequently the issue is governed by the rule that if the mistake of the parties in the conveying of property is in the identity of the property to be conveyed there can be no reformation of the instrument because there has been no initial meeting of the minds of the parties. Pomeroy's Eq.Juris., 5th ed., Vol. 3, Sec. 870; 45 Am.Jur., Reformation of Instruments, Sec. 38; Teutsch v. Hvistendahl, 72 S.D. 48, 29 N.W.2d 389; McCay v. Jenkins, 244 Ala. 650, 15 So.2d 409, 149 A.L.R. 746. Cf. Swede v. Metropolitan Life Ins. Co., 5 Cir., 94 F.2d 124.
We have the view that the chancellor was also correct in concluding that the allegations of the answer were not sufficient, as a matter of law, to make out the defenses of title by acquiescence or by adverse possession. In respect to the first, it is essential that there be some dispute as to the boundary in question, implying a cognizance on the part of adjoining owners that the proper boundary line is in doubt  an element entirely absent from the case at bar since the parties were admittedly unaware of the encroachment of the building on plaintiff's property until a survey was made at the instance of the plaintiff long after the original transaction, and there is no contention that there was any "acquiescence" to the encroachment after this discovery was made. Shaw v. Williams, Fla., 50 So.2d 125; McRae Land & Timber Co. v. Ziegler, Fla., 65 So.2d 876, and cases therein cited.
As to the sufficiency of the defense of adverse possession, it does not appear from the answer that there has been compliance with the statute requiring return for taxation, by proper legal description, of property adversely possessed under the circumstances present. Section 95.19, Florida Statutes 1951, F.S.A.; Salls v. Martin, 156 Fla. 624, 24 So.2d 41; Palmer v. Greene, 159 Fla. 174, 31 So.2d 706. In view of the preceding conclusion as to lack of "acquiescence," the case is clearly distinguishable from Euse v. Gibbs, Fla., 49 So.2d 843, where the ruling of the court with reference to the aforementioned statute was expressly predicated on the fact that the boundary had been established by acquiescence, thereby settling the issue of title to the disputed strip, and as between those parties the return of the property for taxation by lot number amounted to a return of all property encompassed within the agreed boundaries.
It should be noted that in entering the summary final decree in favor of the plaintiff all that the chancellor did was find that the plaintiff was entitled to relief in the form of a declaratory decree; that the plaintiff was the owner of the lot of land described in the challenged deed; and that the counterclaim of the defendants should be dismissed with prejudice. He did not decree, as prayed in the complaint, that the plaintiff had the "lawful right to demolish and remove the building from the property" or that the plaintiff had the right to receive income from that portion of the building which encroached on the deeded property. Respecting these matters he entered a decree reserving "jurisdiction herein for the purpose of making such other and further orders in the premises as shall be necessary and proper to carry into effect this decree." In retaining jurisdiction to enter further orders in the cause, the chancellor doubtless had in mind the pronouncements of this Court in Johnson v. Killian, 157 Fla. 754, *699 27 So.2d 345; and McCreary v. Lake Boulevard Sponge Exchange Co., 133 Fla. 740, 183 So. 7, as to the type of equitable relief that should be afforded in such cases.
The decree appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.