## TRINITY COLLEGE, et al v. COE.

Circuit Court, Pinellas County.

May 25, 1955.

Ed W. Harrison and Baynard & Baynard, all of St. Petersburg, for plaintiffs.

H. H. Baskin and George W. Smith, both of Clearwater, for defendants.

ORVIL L. DAYTON, Jr., Circuit Judge.

In 1944 the First National Bank of Clearwater foreclosed against Margaret D. Coe a mortgage on certain real property in Pinellas County and received a master's deed thereto. Thereafter

the bank conveyed the real property *as, described in the mortgage* to a Mr. and Mrs. DiMauro. The DiMauros later conveyed to Trinity College, plaintiff herein, the property purchased from the bank and a strip of land which is the subject of the present controversy.

In 1951 the defendant Margaret D. Coe brought suit against plaintiff, et al, seeking to quiet title to the strip of land now in controversy and other lands. Plaintiff, Trinity College, filed its answer denying generally the allegations of the bill, as related to the controversial parcel of land, but did not allege any right of possession. That suit was later dismissed.

The defendant, Mrs. Coe, then filed an action in ejectment seeking to oust plaintiff from possession of the land described in the suit to quiet title as "tract 4." Plaintiff then filed this present suit in chancery, seeking to enjoin defendant from prosecuting the action in ejectment and to reform the foreclosure proceedings to include that particular parcel of land.

Mrs. Coe has filed a motion for a summary final decree, which is now before the court for determination.

Plaintiff contends that defendant is guilty of laches in that she remained on the property adjoining after the foreclosure by the bank and observed the expenditure of large sums of money in improving the property by the DiMauros and Trinity College, but did not then assert her claim of ownership.

Mrs. Coe contends that plaintiff's title is based on the master's deed in the foreclosure proceedings, that plaintiff's bill alleges no error in the description of the land appearing in the foreclosure suit, that this court has never obtained jurisdiction of the real property not included in the original description, that the mortgage was satisfied in full and no deficiency remains, and that for these reasons this court is without jurisdiction to reform the original description in the mortgage which was foreclosed.

It appears that no deficiency remains upon the original mortgage, and it likewise appears that the master's deed contained the same description of land as appears in the original mortgage.

The question before the court on the motion may be stated as follows—"Does the court have jurisdiction to reform mortgage foreclosure proceedings wherein the mortgage was fully satisfied and no deficiency remains, by adding to the description of the land, as the same appears in the original mortgage, and subsequent master's deed, the description of a parcel of land not contained in the original mortgage?"

The giving of a mortgage cannot convey the legal title to land. Fisher v. Villamil (Fla.), 56 So. 559, 39 LRA (NS) 90, Ann. Cas. 1913D, 1003. Upon the breach of the conditions of the mortgage and after proper action by the courts, title is transferred by judicial sale for the enforcement of the special lien. McMahon v. Russell, 17 Fla. 698.

Plaintiff cites Greeley v. DeCottes (Fla.), 5 So. 2d 239. In that case there was an error in the description of land in a mortgage, as to certain courses and distances. After foreclosure and sale the mortgagee received a master's deed containing the erroneous description of the land. After conveyance by purchaser to others, suit was brought to correct the misdescription of the land in the mortgage, the decree and the master's deed. It was held that a court of equity may correct a description to conform to the true intent of the parties to the mortgage, or give equivalent relief by injunction. The description of the land in the mortgage and master's deed *was not complete* and could be completed *only* by supplying two courses and distances omitted from the original description.

Peck v. Osteen (Fla.), 20 So. 549, is a case involving an error in description of land where 140 acres were to be conveyed but one tract of 80 acres was omitted and another tract of 80 acres, through error, was included. The description of the land was the S½ of NW¼, where it should properly have been the S½ of NE¼ of the same section. The court, "recognizing how easy it is to make a mistake in the description of lands according to the U. S. Survey," held that complainant, who was the mortgagee and purchaser at foreclosure sale, should be entitled to correct and reform the master's deed by deleting the improper description and inserting the proper description of the land intended to be conveyed.

In Morton v. Smith (Fla.), 183 So. 475, suit was brought to reform and foreclose a certain trust deed, the original of which was given as a mortgage on certain lots upon which a building was erected. It was later learned that the building was located on certain lots intended to be conveyed, but which were not actually contained in the mortgage described in the original foreclosure proceedings. The lower court dismissed the suit and held that if complainants had a remedy it was by bill of review whereby the mortgage should first be reformed and again foreclosed as to the lands included, as well as those not included in the first foreclosure. The Supreme Court reversed the lower court, holding that the remedy sought by complainants was proper.

In that case, however, the prayer of the bill was that complainants "be permitted to foreclose the trust deed as against the lands omitted therefrom and only for the amounts the plaintiffs failed to realize from the original foreclosure proceedings." The ruling therein is not controlling—for the reason that in the case before the court no deficiency remains.

The ruling in Fisher v. Villamil, supra, is controlling here. In that case a mortgage was given after the owner of two certain lots pointed out the lots which he represented were to be mortgaged—but the mortgage itself when given actually described lots in an entirely different subdivision. The mistake was not discovered until after foreclosure and sale of the property as described in the mortgage. A bill was filed seeking to require defendants to convey the correct property in return for a conveyance by complainants of the property misdescribed in the mortgage, and upon defendant's failure to make such conveyance, to grant to complainants all the right, title and interest of defendants to the land.

The lower court granted the relief sought by the complainants but the Supreme Court reversed the chancellor, stating in an opinion by Mr. Justice Parkhill in 56 Southern at page 561—"As the court very clearly pointed out in Marks v. Taylor, 23, Utah 470, 65 Pac. 203, the decree of the chancellor, if affirmed by this court, would invest the complainants with the title to property which was neither ordered to be sold, advertised or offered for sale, or sold by the master to them. It may be true that the *complainants* thought the property *intended* to be mortgaged was the property offered for sale, and evidently bid in the property with that understanding; but it does not appear that other bidders, if any other were present at the sale, had the same understanding. * * * The mortgagor remains, until a sale, seised in fee. There has never been a decree for the enforcement of the lien on the property in East Nebraska Heights subdivision nor a judicial sale thereof."

In the present case therefore, it appears to the court that as to the property sought to be included by plaintiff's bill of complaint to reform the original foreclosure proceedings *there has never been a decree for the enforcement of the mortgage lien on the property which forms the basis for this controversy.*

The judicial action whereby the mortgage was foreclosed and the property sold under the direction of the court provided a means of conveyance to the purchasers of the property *described in the mortgage* and none other.

Since no deficiency remains upon the original mortgage plaintiffs, holding title which is derived from the master's deed given

in the original foreclosure proceedings, do not have a claim against the additional strip of land whereby this court can by judicial order direct the same to be included in the original mortgage and foreclosure proceedings had thereunder.

There being no justiciable issue before the court, defendant's motion for summary final decree is well taken and should be granted. An appropriate final decree may be prepared from this opinion.