# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-1198
LT Case No. 2023-CA-003015-A

———————————————

ELLA III, LLC,

    Appellant,

    v.

ETHAN MADDEN, CIARA J. HARE,
and UNITED SOUTHERN BANK,

    Appellees.

———————————————

On appeal from the Circuit Court for Lake County.
Lawrence James Semento, Judge.

Deborah Marks, of Deborah Marks, PLLC, Miami, for Appellant.

Benjamin C. Iseman, of Maynard Nexsen PC, Winter Park, for
Appellees, Ethan Madden and Ciara J. Hare.

No Appearance for Remaining Appellee.

April 2, 2026

HARRIS, J.

    Appellant, Ella III, LLC, appeals the summary judgment entered below, finding that Appellant's complaint seeking ejectment and quiet title concerning real property was time-barred. Because the action was not time-barred, and because

evidence of when adverse possession began was conflicting, we reverse.

On November 6, 2023, Appellant filed an action seeking ejectment and quiet title concerning real property located in Lake County, Florida. Appellant alleged that it acquired the property via tax deed recorded on October 20, 2009. Included in the attachment to the complaint were a warranty deed in the names of Ethan Madden and Ciara Hare (Appellees) recorded on January 20, 2023 and a Tax Deed in Appellant's name recorded on October 20, 2009.

After answering the complaint, Appellees moved for summary judgment, arguing that the action was time barred because Appellant failed to assert its claim, take possession of the property, or pay taxes within four years of the issuance of the tax deed, and that they have adversely possessed the subject property. Thus, Appellees argued, the action was time barred pursuant to section 95.191, Florida Statute (2023).

Appellant responded to the motion for summary judgment arguing, inter alia, that pursuant to section 95.191, Appellees must show that the property was adversely possessed *at the time* of the recording of the tax deed in 2009, which they did not. Appellant further argued that contrary to Appellees' assertion, it did pay taxes on the property from 2009 to 2012, attaching affidavits and receipts from the tax collector showing that Appellant's servicer paid the taxes from 2009 through 2012.

Following a hearing, the trial court granted Appellees' motion, finding that the record evidence demonstrated that Appellant took no action to secure possession of the property during the four years after the issuance of the tax deed. The court also found that Appellees were in adverse possession prior to this action being filed and thus pursuant to section 95.191, Appellant's claim was barred. This appeal followed.

In this appeal we first consider whether Appellant's lawsuit was time-barred under section 95.191. Appellant maintains that the bar to a tax deed holder seeking a quiet title action applies only where the property is adversely possessed when the tax deed is

recorded. Appellant further argues that Appellees failed to present sufficient evidence that for the four years after the recording of the 2009 tax deed, the property was adversely possessed and thus the statute of limitations in section 95.191 did not apply.

Appellees respond that the plain language of section 95.191 does not require that the property be adversely possessed when the tax deed is recorded. Appellees further assert that the evidence shows that Appellant waited more than four years after the date of the tax deed to file its claim for ejectment and quiet title after failing to take actual possession at any time or pay taxes for the previous ten years.

Appellant correctly argued below that under section 197.552, Florida Statute (2023), any interest in the property subsequently conveyed to Appellees did not survive the issuance of the tax deed. Because Appellees therefore have no valid interest in the property, summary judgment in their favor was error. The trial court should have ruled in Appellant's favor on this issue. However, because this argument was not raised in the appeal, it is deemed waived. *See Rosier v. State*, 276 So. 3d 403, 406 (Fla. 1st DCA 2019) (holding issues not raised in the initial brief are considered waived or abandoned).

Nonetheless, we agree with Appellant that the court erred in applying section 95.191, which provides in relevant part: "*When the real property is adversely possessed by any person*, no action shall be brought by the tax deed holder unless the action is begun within 4 years *from the date of the deed.*" (Emphasis supplied). This language presumes that the property is already being adversely possessed at the time of the tax deed. *See Salls v. Martin*, 24 So. 2d 41 (Fla. 1945) ("[T]he prohibiting part of the statute is available only where there is in law an 'adverse possession', and from what we have held above there was no adverse possession in law . . . Section 196.06[1] is a bar within four years only where there is adverse possession."). Thus, we conclude that the four-year

---

[1] Same statute at issue in this case, but subsequently renumbered.

limitation applies only where there is adverse possession at the time the tax deed is issued.

Appellant further argues that the evidence was conflicting on whether the property was adversely possessed. We agree that Appellant presented significant evidence contradicting Appellees' claim that the property was adversely possessed beginning in 2012. Accordingly, because there was significant conflicting evidence that the property was adversely possessed beginning in 2012, summary judgment was not proper.

We reverse the summary judgment entered below and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED for further proceedings.

JAY, C.J., and SOUD, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

4